**Sam D. MAGEE, Appellant,**

v.

**Aileen Florence WESTMORELAND, et al., Appellees.**

**No. 04–83–0036–CV.**

Court of Appeals of Texas, San Antonio.

April 24, 1985.

Rehearing Denied June 20, 1985.

OPINION

ESQUIVEL, Associate Justice.

This is a limited appeal from that portion of a judgment in a declaratory judgment suit declaring that funds represented by a certificate of deposit passed to the estate of the deceased individual named on the certificate and not to the surviving named individual on the certificate. We affirm.

On February 25, 1981, Mary Louise Haag contacted the Charles Schreiner Bank of Kerrville, Texas, and expressed her desire to purchase a certificate of deposit in the amount of $100,000.00. On that date, she executed and delivered to the bank a simple interest unsecured promissory note in the amount of $100,000.00 payable on demand, or if no demand was made, payable within eight days. The proceeds of the note were used to purchase from Schreiner Bank its certificate of deposit No. 13067. Certificate of deposit No. 13067 was issued with a maturity period of 182 days; it was in the name of Mary Louise Haag or Sam D. Magee in the principal amount of $100,000.00; and provided thereon "[p]ayable to said depositor, or, if more than one, to either or any of said depositors or the survivors or survivor, upon presentation and surrender of this certificate, properly endorsed, on the Maturity date." When certificate of deposit No. 13067 matured on August 26, 1981, it was reissued by the bank as certificate of deposit No. 14631. The second certificate remained in the possession of the bank; it had a maturity period of 177 days; it was again in the names of Mary Louise Haag and Sam D. Magee and contained the above quoted provision concerning payment. Neither the original certificate of deposit nor the renewal was signed by Mary Louise Haag or Sam D. Magee.

On December 12, 1981, prior to the maturity date of certificate of deposit No. 14631, Mary Louise Haag died. Her will, which named Aileen Florence Westmoreland independent executrix and bequeathed to Aileen Florence Westmoreland and Grace Seitz her residual estate, was admitted to

Darrell G. Lochte, Kerrville, for appellant.

Randall B. Richards, Hollon & Marion, Boerne, Texas, for appellees.

Before ESQUIVEL, CANTU and DIAL, JJ.

probate. On August 2, 1982, appellant Sam D. Magee filed this action against appellee Aileen Florence Westmoreland in her individual capacity as a residuary beneficiary and as the independent executrix of the estate of Mary Louise Haag, appellee Grace Seitz, the other residuary beneficiary and Charles Schreiner Bank, pursuant to TEX.REV.CIV.STAT.ANN. art. 2524–1 (Vernon 1965), for a declaration that the funds represented by certificate of deposit No. 14631 passed to him as survivor.[1] Charles Schreiner Bank filed an interpleader and deposited the funds into the registry of the court.

In a bench trial on January 10, 1983, appellant presented Howard N. Collins, senior vice-president of Charles Schreiner Bank, who testified that testatrix Mary Louise Haag borrowed $100,000.00 from his bank to purchase certificate of deposit No. 13067, dated February 25, 1981, issued in accordance with her instructions. The bank gave her the certificate of deposit in exchange for a $100,000.00 promissory note. The certificate of deposit matured in 182 days. After the execution of the note, $104,875.00 was transferred by wire from the National Bank of Commerce and deposited to checking account No. 168–726, the Mary Louise Haag and Sam D. Magee account. Simultaneously, $100,000.00 was debited to the account for payment in full of the promissory note plus interest. Interest in the sum of $7,354.79 was paid on the certificate by a cashier's check payable to Mary Louise Haag or Sam D. Magee. When the certificate matured in August of 1981, it was reinvested on that same day into a renewal certificate, No. 14631, for $100,000.00. The renewal certificate was left at the Charles Schreiner bank for safekeeping. At the time these certificates were issued the bank did not utilize any form to evidence a consent to a joint tenancy with right of survivorship for certificates of deposit, therefore, the bank had no signature card or account card signed by Mary Louise Haag with respect to the orig-

inal certificate of deposit or the renewal. As a result of a letter from Joseph F. Leonard, Jr., payment on certificate of deposit No. 14631, with the exception of interest which was paid and added to the principal amount, was withheld by the Charles Schreiner bank.

The trial court made the following findings of fact:

1. On August 26, 1981, the Chas. Schreiner Bank of Kerrville, Texas, issued its Certificate of Deposit No. 14631 in the sum of One Hundred Thousand Dollars ($100,000) to 'Mary Louise Haag or Sam D. Magee' to mature on February 19, 1982.

2. The sums on deposit by Certificate of Deposit No. 14631 were solely furnished by Mary Louise Haag.

3. No written agreement was ever signed by Mary Louise Haag stating the interest of Mary Louise Haag in Certificate of Deposit No. 14631 would on her death survive to Sam D. Magee.

4. Mary Louise Haag, a widow, died on December 12, 1981.

5. Certificate of Deposit No. 14631 was in effect on December 12, 1981.

6. Certificate of Deposit No. 17739 of the Chas. Schreiner Bank is a renewal of Certificate of Deposit No. 14631, together with all accrued interest thereon.

The trial court then made the following conclusions of law:

1. As a matter of law, the disposition of the funds originally represented by Certificate of Deposit No. 14631 and now represented by Certificate of Deposit No. 17739, is governed by the provisions of Chapter XI 'Non Testamentary Transfers' of the Texas Probate Code.

2. The funds represented by Certificates of Deposit Nos. 14631 and 17739 belong to the Estate of Mary Louise Haag.

In its judgment signed on May 9, 1983, the court awarded appellant the funds in

---

1. Additionally, Magee sought a declaration as to the ownership of a checking account in both his name and the name of the deceased. In its

judgment the trial court awarded him the funds in checking account number 168–726. No appeal is taken from this portion of the judgment.

checking account No. 168–726 and awarded the funds evidenced by certificates of deposit Nos. 14631 and 17739 to the estate of Mary Louise Haag to be distributed under the terms of the last will and testament of Mary Louise Haag, deceased.

Appellant appeals from the court's findings of fact and conclusions of law, and from that portion of the judgment which awards certificates of deposit Nos. 14631 and 17739 to the estate of Mary Louise Haag and in which costs were taxed against him.

■ Chapter XI of the Texas Probate Code became effective August 27, 1979. *See* Act of June 13, 1979, ch. 713, § 31, 1979 Tex.Gen. Laws 1740, 1756–61. Part one of chapter XI constitutes the first attempt by the legislature at a comprehensive codification of rules dealing with non-probate transfers at death through account agreements among depositors and financial institutions. TEX.PROB.CODE ANN. §§ 436–449 (Vernon 1980 & Supp.1985) deal strictly with multiple party accounts. Section 436 defines "account" and encompasses in such definition a certificate of deposit maintained at any type of financial institution doing business in Texas. *See id.* § 436(1), (3). To be a "multiple-party" account for the purposes of the Code, and as defined in section 436(5), an account must fall within section 436(4) wherein "joint accounts" are defined as accounts payable on request to one or more parties whether or not there is a right of survivorship. Accordingly, we conclude that the certificates of deposit before us, certificates of deposit Nos. 14631 and 17739, are multiple-party accounts governed by the provisions of chapter XI. In this regard we point out that nowhere in his points of error or in his brief does appellant contend that the provisions of chapter XI do not apply to the certificates of deposit in question.

The basic ownership and withdrawal rights attending joint accounts both during and after the life of a depositor are found in sections 438(a), 439(a), 439(b), 444 & 445 of the Texas Probate Code. Of interest to us in this appeal are those sections dealing with the basic ownership and withdrawal rights of the parties to a joint account after the death of a party to a joint account, the pertinent parts of which are set out as follows:

§ 439. Right of Survivorship

(a) Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties. A survivorship agreement will not be inferred from the mere fact that the account is a joint account. If there are two or more surviving parties, their respective ownerships during lifetime shall be in proportion to their previous ownership interests under Section 438 of this code augmented by an equal share for each survivor of any interest the decedent may have owned in the account immediately before his death, and the right of survivorship continues between the surviving parties if a written agreement signed by a party who dies so provides.

\* \* \* \* \* \*

(d) In other cases, the death of any party to a multiple-party account has no effect on beneficial ownership of the account other than to transfer the rights of the decedent as part of his estate.

§ 440. Effect of Written Notice to Financial Institution

The provisions of Section 439 of this code as to rights of survivorship are determined by the form of the account at the death of a party....

TEX.PROB.CODE ANN. §§ 439, 440 (Vernon 1980).

Since the enactment of these statutes there have been further developments in the law pertinent to this appeal. Section 46 of the Texas Probate Code was amended by Act of June 8, 1981, ch. 319, § 1, 1981 Tex.Gen.Laws 895. The pertinent part of section 46 reads as follows:

§ 46. Joint Tenancies Abolished

(a) Where two (2) or more persons hold an estate, real, personal, or mixed, jointly, and one (1) joint owner dies before severance, his interest in said joint estate shall not survive to the remaining joint owner or joint owners, but shall descend to, and be vested in, the heirs or legal representatives of such deceased joint owner in the same manner as if his interest had been severed and ascertained. Provided, however, that by an agreement in writing of joint owners of property the interest of any joint owner who dies may be made to survive to the surviving joint owner or joint owners, but no such agreement shall be inferred from the mere fact that the property is held in joint ownership.

TEX.PROB.CODE ANN. § 46(a) (Vernon Supp.1985).

In his first, second and third points of error, appellant contends that the court erred in awarding the funds evidenced by certificates of deposit Nos. 14631 and 17739 to the estate of Mary Louise Haag, deceased, "because the uncontroverted evidence in this cause shows that there was a written agreement bearing the signature of the Decedent, wherein the same passed to Appellant as the contractual survivor." In support of his contention appellant advances three arguments, namely: (1) The certificate of deposit is a third party beneficiary contract between the testatrix and the bank for the benefit of appellant and appellant is entitled to performance according to its terms; (2) Since the Probate Code defines a certificate of deposit as an "account" and an "account" is defined as a "contract of deposit or funds between a depositor and a financial institution," unless the Code provides otherwise, which it does not, a certificate of deposit is subject to the common rules of contract law; (3) That the trial court upheld the checking account as against the challenge that the decedent did not intend the checking account to survive to appellant, and the rule of the case is that the intent shown by the checking account will prevail. We cannot agree with any of appellant's arguments.

■ The unequivocal phraseology of the language in the Code and the requirements of an agreement in writing by joint owners of an account including a certificate of deposit prevent a court from scrutinizing the circumstances surrounding the establishment of such multiple-party accounts and declaring the existence of a contract for the benefit of the third party or the intent of the decedent. In the absence of the mandated agreement in writing, the interest of a joint owner who dies before severance shall not survive to the remaining joint owner but shall descend to and is vested in his heirs or legal representatives.

■ We further conclude that the interest of the decedent in the certificate of deposit was the total amount of the account. The record clearly establishes that there is sufficient evidence of probative value to uphold the finding of the trial court that the "sums on deposit by Certificate of Deposit No. 14631 were solely furnished by Mary Louise Haag." Thus, we hold the trial court was correct in its judgment awarding the funds represented by certificate of deposits Nos. 14631 and 17739. Appellant's points of error numbers one, two and three are overruled.

In his point of error number four appellant contends that by limiting its findings of fact to certificate of deposit No. 14631, the trial court committed error. We find in appellant's trial pleadings that appellant pled as one of the accounts in dispute "[a]ccount No. 749–826 being Certificate of Deposit # 14631...." He now argues that there is a distinction between certificate of deposit No. 14631 and account No. 749–826, in that, account No. 749–826 is something more than just the funds represented by certificate of deposit No. 14631 and that those "additional" funds continue to be in dispute. We disagree with appellant. It is clear from the testimony of the witness, Howard Collins, senior vice-president of the Charles Schreiner Bank, that No. 749–826 is nothing more than a customer identification number applied to the original certificate of deposit account which remained constant despite the changes in the num-

bers applied to the original certificate of deposit and all subsequent renewals. By disposing of certificate of deposit No. 14631 in its findings of fact and the judgment, the trial court correctly disposed of the account in dispute. Appellant's point of error is without merit and is overruled.

In his point of error number five appellant complains of the trial court's refusal to approve additional findings which would support his contractual theory of recovery. In his requested findings of fact appellant requested the trial court find that:

> The Decedent, Mary Louise Haag, created Chas. Shreiner Bank account No. 749–826 as a joint account with right of survivorship by delivering to Bank her signed promissory note in the amount of $100,000.00 in exchange for Bank's C.D. No. 13067 in the same amount, payable to the survivor of her or Sam D. Magee.

This requested finding was properly denied. We have already decided that no right of survivorship can be created without an express writing to that effect. Appellant's requested additional finding of fact number three that "[i]t was the intent of Decedent that said account belong to and be the property of Sam D. Magee if he survived her" is, as we have already pointed out in our determination of point of error number three, not a controlling issue in this case. We have already held in this opinion that a court is precluded from scrutinizing the circumstances surrounding the establishment of the account and that no right of survivorship can be created in a joint account without a written agreement stating such interest is vested in the survivor. Appellant's requested additional finding of fact number two that "[b]ank's C.D. No. 14631 in the same amount and on the same terms was a renewal and continuation of said account," was properly refused; this fact was undisputed. No findings are necessary on undisputed or admitted matters. *Smith v. Brown Express*, 343 S.W.2d 550, 553 (Tex.Civ.App.—San Antonio 1961, writ ref'd n.r.e.).

Accordingly, the judgment of the trial court is affirmed.