**A.G. EDWARDS & SONS INC., Petitioner,**

v.

**Maria Alicia BEYER, Respondent.**

No. 05–0580.

Supreme Court of Texas.

Argued March 22, 2007.

Decided Sept. 28, 2007.

Robert B. Gilbreath, Hawkins, Parnell & Thackston, LLP, Dallas, Brandy M. Win-

gate, Attorney At Law, Mission, Steven L. Hughes, Darryl Scott Vereen, Mounce, Green, Myers, Safi, Paxson & Galatzan, El Paso, C. Rodney Acker, Jenkins & Gilchrist, P.C., Dallas, TX, for Petitioner.

Angela M. Nickey, Paul Bracken, Ruben S. Robles, Robles Bracken Coffman & Hughes, El Paso, TX, for Respondent.

Justice WAINWRIGHT delivered the opinion of the Court.

A.G. Edwards & Sons, Inc. appeals from a jury verdict in favor of Maria Alicia Beyer. The jury found that A.G. Edwards breached its contract with Alicia when it failed to create a joint account with the right of survivorship in the name of her and her father, Federico Beyer. The trial court awarded Alicia damages, pre- and postjudgment interest, and attorney's fees. We affirm the court of appeals' judgment upholding the verdict, reverse in part the court of appeals judgment on attorney's fees, and remand to the trial court for a new trial on attorney's fees.

## I. Background

In 1985, Federico Beyer and his daughter, Alicia Beyer, both Mexican citizens, opened an investment account as joint tenants with right of survivorship (JTWROS) at an A.G. Edwards office in El Paso. Although Alicia had five siblings, all of them were estranged from her and her father. When Alicia became a resident alien in 1997, she was removed from the account because she believed she would be required to pay taxes on the investment income. After Frederico regained the ability to speak following a stroke he suffered in October 2000, he and Alicia contacted A.G. Edwards broker James Niemeier to return Alicia to the account. Niemeier recommended they transfer the old account into a new account as joint tenants with right of survivorship. The

purpose of the change was to allow Alicia to access the funds to pay Federico's medical expenses. Niemeier prepared three documents for Alicia and Federico to sign: (1) a letter authorizing the transfer of funds to a new account, (2) an authorization allowing both Alicia and Federico to write checks on the account, and (3) the joint account agreement containing language setting up the JTWROS account. Alicia testified that she and her father signed all three documents on December 8, 2000, witnessed by his housekeeper, who does not read English. She testified that later that day she drove to A.G. Edwards's office with her father's housekeeper, who delivered the documents in an envelope to the reception desk at A.G. Edwards because Niemeier was not available. Alicia did not copy the documents.

A week later, Alicia went to the A.G. Edwards office and discovered that the account had not been approved. At first, Niemeier claimed not to have received the documents, but then verified with the receptionists that the envelope had been left at the front desk and that at least one of the three documents was being entered into their document management system. Niemeier assured Alicia that the account would be ready in a few days. On December 27, 2000, A.G. Edwards's St. Louis office wired Niemeier that the joint account agreement was missing. Niemeier never read the wire. Two days later, the St. Louis office issued a delinquent document report for the missing agreement, but before it could be delivered to El Paso, Federico lapsed into a coma. No one from A.G. Edwards contacted Alicia about the missing joint account agreement. The only contact was a December 27, 2000 letter sent to Federico stating that the account was being processed.

On January 9, 2001, Federico died intestate. When Alicia tried to access the ac-

count, A.G. Edwards was unable to locate the joint account agreement and froze the account. Alicia sued A.G. Edwards and Niemeier in state court for conversion, negligence, fraud, negligent misrepresentation, breach of contract, and breach of a fiduciary duty. She sought over $1 million in damages, including the portion of the account distributed to her five siblings.

On January 23, 2003, A.G. Edwards brought an interpleader action in federal district court, arguing that Alicia's suit created competing claims to the funds. On September 18, 2003, the federal district court dismissed the interpleader, concluding that there were no competing claims because Alicia admitted that, without the executed joint account agreement, under Texas law the account was not a JTWROS account. The federal district court ordered the interpleaded funds delivered to the estate administrator and distributed in accordance with the probate court's administration of the estate. The September 18th order also awarded Alicia attorney's fees against A.G. Edwards for improperly filing the interpleader action.

In the meantime, Alicia tried her case in state district court. A jury returned a verdict for Alicia on all six claims, found that A.G. Edwards agreed with Alicia and Federico to open a joint account with right of survivorship, and awarded attorney's fees for breach of contract. Alicia elected to recover on the breach of contract claim and the trial court entered judgment for $791,200, an amount equal to five-sixths of the investment account balance multiplied by the percentage of fault the jury assigned to A.G. Edwards; $225,000 in attorney's fees for trial; $48,000 in appellate attorney's fees, if necessary; and post-judgment interest on the $225,000 in attor-

ney's fees for trial preparation. The court awarded attorney's fees for all the claims Alicia pursued in state court and her defense of the interpleader suit brought by A.G. Edwards in federal court. Although the federal district court initially awarded Alicia reasonable attorney's fees, the court later withdrew its award of fees to Alicia because she had already received attorney's fees from the state district court.

A.G. Edwards appealed and the court of appeals affirmed,[1] concluding section 439(a) of the Texas Probate Code does not apply to bar Alicia from seeking ownership of joint account funds against the estate of the decedent. The court of appeals also held that Alicia was not required to segregate fees between her contract and tort claims because all arose from the same transaction and were inextricably intertwined. The court of appeals finally concluded that the trial court did not err in its award of fees even though some of the fees were for defending the federal interpleader action. A.G. Edwards then petitioned this Court for review, appealing the applicability of Section 439(a) and the segregation of attorney's fees.

## II.  Analysis

### A.  Texas Probate Code Section 439(a)

■ A.G. Edwards and Alicia agree that section 439(a) of the Texas Probate Code governs beneficial ownership of funds in a joint account at financial institutions upon the death of an owner of the account. They disagree over whether Section 439(a) applies to financial institutions outside of the context of a dispute over the surviving joint tenant's right to funds from the JTWROS account or bars the admission of extrinsic evidence of the existence of a

1. The court of appeals properly reformed the trial court's unconditional grant of appellate attorney's fees to 1 condition the award on an unsuccessful appeal brought by A.G. Edwards.

joint tenancy with right of survivorship. Section 439(a) provides:

> Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties.

Tex. Prob.Code § 439(a). A.G. Edwards argues that Section 439(a) imposes an absolute requirement, applicable to financial institutions in all circumstances, that any right of a survivor to recover damages involving funds in the JTWROS account or the opening of the account must be premised on the existence of a written agreement saying so. A.G. Edwards asserts that the court of appeals erroneously rewrote the statute by holding Section 439(a) inapplicable in this case. Alicia counters that Section 439(a) protects financial institutions only in multiple party disputes as to ownership of the JTWROS account, not in disputes alleging a financial institution's malfeasance in failing to properly set up the account.

■■ Section 439(a) governs controversies over the beneficial ownership of the sums in an account between parties, defined as persons with a present right to payment from a multiple party account, including a guardian, personal representative, assignee, or attaching creditor. *Id.* § § 436(7), 437; *see also Stegall v. Oadra,* 868 S.W.2d 290, 291 n. 3 (Tex.1993). For a party to have a right of survivorship in a joint account upon the death of the other joint owner, the right must be included in a written agreement signed by the decedent. Without the statutorily required written agreement, the joint owner has no cognizable claim to the sums in a JTWROS account. If Section 439(a) governs, extrinsic evidence to attempt to prove a right of survivorship is immaterial and, thus, is precluded. *Stauffer v. Henderson,* 801 S.W.2d 858, 863 (Tex.1990).

Here, however, the dispute is not over whether A.G. Edwards incorrectly paid the funds to Alicia's siblings. Alicia concedes that without the joint account agreement, A.G. Edwards had no other choice. *See Stegall,* 868 S.W.2d at 291–93; *Stauffer,* 801 S.W.2d at 865–66. Without an executed joint account agreement, A.G. Edwards had no duty to pay the funds from the JTWROS account to her. No agreement could be found. In the absence of the required writing, the statute compelled A.G. Edwards to pay the account funds in shares to all six siblings. Alicia concedes this point, but claims that but for A.G. Edwards's breach of its contract with her and negligent failure to create the JTWROS account, she would have been entitled to sole ownership of the account funds after her father died. The issue is whether Alicia could introduce evidence other than the missing written agreement to establish A.G. Edwards's tort and breach of contract in failing to set up the JTWROS account. Alicia argues that this claim for damages against A.G. Edwards is not barred by Section 439(a).

We conclude that Section 439(a) does not govern Alicia's claim against A.G. Edwards. A.G. Edwards's failure to take sufficient steps to create the JTWROS account necessary to establish Alicia's right of survivorship is a breach of a separate duty owed to Alicia. The evidence showed that Alicia and her father performed the steps necessary to set up a JTWROS account, but A.G. Edwards did not perform as agreed. The evidence before the jury included Niemeier's testimony that he recommended creating the JTWROS account and promised to do so. Alicia and her housekeeper testified that they delivered the necessary documents to A.G. Edwards,

and Niemeier testified that he confirmed receipt of at least one of the documents by the A.G. Edwards receptionists. Both Niemeier's phone conversations with Alicia and the correspondence from St. Louis alerted him to the absence of the joint account agreement. Niemeier also testified that the A.G. Edwards El Paso office did not react to the notices from its St. Louis headquarters regarding the absence of the joint account agreement and that A.G. Edwards did not contact Alicia either to notify her of the missing agreement or to request that she complete a new one. Based on this evidence, the jury found that A.G. Edwards agreed to open a joint account with enforceable rights of survivorship for Alicia and her father but failed to do so. Because Section 439(a) does not apply to her claim, Alicia was not barred from providing such evidence to prove her case against A.G. Edwards.

In interpreting Section 439(a), both sides rely on *Stauffer*. The facts of *Stauffer* represent the classic ownership dispute over a joint account. Two sisters, Henderson and Stauffer, opened a joint account. *Stauffer*, 801 S.W.2d at 859. When Henderson died, Stauffer withdrew the remaining funds from the account. Henderson's husband sued Stauffer claiming that the money belonged to Henderson's estate. Stauffer claimed that she was entitled to the funds by right of survivorship. *Id.* The account agreement stated merely that the survivor of the parties could withdraw the account funds. *Id.* Interpreting the statute, we explained that "[n]ot only has the Legislature made a written agreement both necessary and sufficient for a right of survivorship in a joint account, it has undertaken to specify language that will meet its requirements." *Id.* at 863, 866. We held that the account agreement's language was insufficient to create a right of survivorship because it did not contain the statutory language.

We recognized a bright-line rule in Section 439(a) requiring specific language in a writing signed by the decedent to create a right of survivorship. *Id.* at 863. Furthermore, "[i]f such agreement is complete and unambiguous, then parol evidence is inadmissible, as with written agreements generally, to vary, add to or contradict its terms." *Id. Stauffer* holds that Section 439(a) requires a writing to establish a JTWROS account but does not dispose of the issue posed in this case, which is whether Section 439(a) applies to alleged negligence and breach of contract by the financial institution in setting up the JTWROS account.

A.G. Edwards also relies on two cases to argue that the court of appeals' opinion conflicts with prior law. These cases are distinguishable. In *Parker v. JPMorgan Chase Bank*, the court of appeals held that no payable on death account had been created because the decedent had not signed the agreement. 95 S.W.3d 428, 431 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Alicia's argument is different because she asserts that A.G. Edwards breached a contract to create a joint account with right of survivorship by losing the critical document and failing to take the steps necessary to remedy this loss. *Parker*, like *Stauffer*, was a classic ownership dispute.

A.G. Edwards also argues that the court of appeals' opinion conflicts with *Magee v. Westmoreland* and that this suit is a failed attempt to make an "end run" around Section 439(a) by suing the financial institution for breach of contract. 693 S.W.2d 612 (Tex.App.-San Antonio 1985, writ ref'd n.r.e.). In *Magee*, Haag purchased a certificate of deposit (CD) and named herself and Magee as joint beneficiaries. *Id.* at 613. The CD, although made payable to the survivor of Haag and Magee, was not signed by either of them. *Id.* Haag died,

and Magee sued the bank and Haag's executrix to establish that he was entitled to the CD as the survivor. *Id.* at 614. A.G. Edwards characterizes Magee's suit as an end run around Section 439(a) because Magee claimed that he was a third party beneficiary of the CD. Even though Magee asserted his claim to the funds as a third party beneficiary, it was clearly an attempt to give effect to the survivorship language on the CD.[2] Like the plaintiffs in *Stauffer* and *Parker,* Magee was unsuccessful in his attempt to establish beneficial ownership of the account because there was no signed writing that complied with Section 439(a) to establish a right of survivorship. *Id.* at 616. Thus, neither of these cases apply to the instant dispute.

### B. Attorney's Fees

The second issue presented in this petition for review is whether Alicia was required to segregate attorney's fees between her breach of contract and tort causes of action. In *Tony Gullo Motors v. Chapa,* we recently re-affirmed the rule that "if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees." 212 S.W.3d 299, 313 (Tex.2006). It is only when legal services advance both recoverable and unrecoverable claims that the services are so intertwined that the associated fees need not be segregated. *Id.* at 313–14. We reverse the judgment of the court of appeals in part and remand the case for a new trial on attorney's fees. *Id.* at 314 ("Unsegregated attorney's fees for the entire case are some evidence of what the segregated amount should be.").

### III. Conclusion

We affirm in part and reverse in part the judgment of the court of appeals and remand the case to the trial court for a new trial on attorney's fees.

---

**2.** "[Magee] contends that the court erred ... 'because the uncontroverted evidence in this cause shows that there was a written agreement ... wherein the [CD's] passed to [Magee] as the contractual survivor.'" *Magee,* 693 S.W.2d at 616.