NUMBER 13-10-00282-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

KENNETH MICHAEL
KOONCE,                                           Appellant,

 

v.

 

FIRST VICTORIA
NATIONAL BANK,                                Appellee.

                                                                                                                     
  

 

On appeal from the 36th
District Court 

of San Patricio County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza  

Memorandum Opinion by
Justice Rodriguez

                                                                                         

                This appeal arises out of a probate
dispute over funds held by appellee First Victoria National Bank in a supposed
payable-on-death account.  Upon the death of the account holder, First Victoria
distributed those funds to appellant Kenneth Michael Koonce, the named
beneficiary, but the probate court later ruled that the funds were estate
assets and judgment was entered against appellant for the amount of the
distributed funds.  Appellant sued First Victoria for breach of contract,
negligence, violations of the Texas Deceptive Trade Practices Act (DTPA), and
breach of its duty of "indemnity" and to protect.  The trial court
granted summary judgment in favor of First Victoria on all claims.  By five
issues on appeal, appellant challenges each ground on which First Victoria
moved for summary judgment.  We affirm, in part, and reverse and remand, in
part.

I.  Background

 

            The following facts are undisputed.  Robert
Barton Koonce, appellant's father, opened a certificate of deposit (CD) account
at the Taft, Texas branch of First Victoria in the amount of $75,000. 
Approximately two years after opening the account, Robert instructed First
Victoria to change the CD to a payable-on-death (POD) account and to designate
appellant as the beneficiary.  To make the change, First Victoria had Robert
sign a "File Maintenance Form" that included this sole notation: 
"Add Beneficiary:  Kenneth B. Koonce."[1]
 Two years later, Robert died.  Appellant took Robert's death certificate
to First Victoria, and First Victoria distributed the funds of the
CD—$75,259.35—to appellant.  Appellant's sister later sued him and First
Victoria, claiming that the funds distributed to appellant were an asset of
Robert's estate.  First Victoria settled with appellant's sister and was dismissed
from the suit.  The court granted summary judgment in favor of the sister,
determining that the CD funds were an estate asset, and entered judgment
against appellant in the amount of $75,259.35 plus attorney's fees.

Appellant sued First Victoria in connection
with that judgment, and it is that lawsuit that underlies this appeal.  In his
petition, appellant alleged that First Victoria:  (1) breached its contract
with Robert, and with appellant as third-party beneficiary, by failing to
change the CD to a POD account; (2) was negligent in failing to change the
account designation as directed by Robert; (3) violated the DTPA by breaching
its warranty that the account designation would be changed as directed by
Robert; and (4) breached its duty of "indemnity" and to protect
Robert and appellant when it entered into mediation with appellant's sister in
the earlier litigation and settled without ensuring that appellant was
protected.  Appellant asked for damages in the amount of the judgment obtained
by his sister in the earlier lawsuit, damages for mental anguish and injury to
his reputation, and for attorneys' fees.  

First Victoria filed a hybrid
traditional and no-evidence motion for summary judgment.  See Tex. R. Civ. P. 166a(c), (i).  In its
traditional motion, First Victoria argued that there are no fact issues, as
follows:  Robert's CD was changed to a POD account because the form signed by
Robert complied with the probate code's requirements as a matter of law[2];
if the form was insufficient to create a POD account, no agreement involving
appellant was ever entered into by First Victoria and appellant therefore has
no standing to bring a third-party beneficiary contract claim; First Victoria
owed no common-law negligence duty to appellant in connection with its
transaction with Robert; First Victoria owed no duty to appellant to protect
him in the earlier litigation with his sister; and as a matter of law,
appellant is not a consumer as defined by the DTPA.  In its no-evidence motion,
First Victoria argued that appellant

[C]annot come forward
with any evidence to support the existence of a duty owed to [appellant] by
contract or otherwise, or that [appellant] was a consumer as defined by the
Texas [DTPA], or that [First Victoria] violated the Texas [DTPA], or that
[First Victoria] had any duty (or breached a duty) to defend or protect the
interests of [appellant] in the prior litigation.  Hence, [appellant] cannot
prove the elements necessary to sustain any of these causes of action against
[First Victoria].[[3]]

 

Appellant responded to each of First Victoria's
traditional grounds for summary judgment, arguing that:  under the probate code
and case law, the File Maintenance Form did not create a POD account as
instructed by Robert; First Victoria is estopped from avoiding its contractual
obligations to appellant as third-party beneficiary; First Victoria had a
common-law duty to perform with care, skill, reasonable expedience, and
faithfulness that arose out of the contract to create the requested POD account
with appellant as the beneficiary[4];
appellant is a creditor beneficiary of the account created by Robert and is
therefore a consumer as defined by the DTPA; and because appellant is a
creditor beneficiary, First Victoria had a duty to defend or protect his
interests in the earlier litigation.  Appellant also attached the following
evidence to his response:  the original signature card through which Robert
initially set up the CD as a single-party account without a POD designation;
the File Maintenance Form; and appellant's responses to First Victoria's
interrogatories.

After a hearing, the trial court granted
First Victoria's motion for summary judgment on all of appellant's claims.  In
its order, the trial court did not specify the bases on which it granted
summary judgment.  This appeal followed.

II.  Standard of
Review

 

                We review a trial court's summary
judgment de novo.  Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862
(Tex. 2010).  If a trial court grants summary judgment without specifying the
grounds for granting the motion, we must uphold the trial court's judgment if
any of the theories presented are meritorious.  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 217 (Tex. 2004); FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872-73 (Tex. 2000).  The
motion must state the specific grounds relied upon for summary judgment.  See
Tex. R. Civ. P. 166a(c),
(i); Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 310 (Tex. 2009).  When
reviewing a summary judgment motion, we must take as true all evidence
favorable to the nonmovant and indulge every reasonable inference and resolve
any doubts in the nonmovant's favor.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).

A party seeking summary judgment may
combine in a single motion a request for summary judgment under the no-evidence
standard with a request under the traditional summary judgment standard.  Binur
v. Jacobo, 135 S.W.3d 646, 650 (Tex. 2004).  When a party has filed both a
traditional and no-evidence summary judgment motion and the order does not
specify which motion was granted, we typically review first the propriety of
the summary judgment under the no-evidence standard.  See Tex. R. Civ. P. 166a(i); Ford Motor
Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If the no-evidence
summary judgment was properly granted, we need not reach the arguments under
the traditional motion for summary judgment.  See Mack Trucks, Inc. v. Tamez,
206 S.W.3d 572, 600 (Tex. 2006).

A.  No-Evidence Summary Judgment

In a no-evidence motion for summary
judgment, the movant must assert that there is no evidence of one or more
essential elements of a claim on which the adverse party will bear the burden
of proof at trial.  Tex. R. Civ. P.
166a(i); Scripps Tex. Newspapers, L.P. v. Belalcazar, 99 S.W.3d 829, 840
(Tex. App.—Corpus Christi 2003, pet. denied).  Under rule 166a(i), "[t]he
court must [then] grant the [no-evidence] motion unless the respondent produces
summary judgment evidence raising a genuine issue of material fact."  Tex. R. Civ. P. 166a(i); see
Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no
pet.).  The movant has no burden to attach any evidence to a no-evidence motion
for summary judgment.  Tex. R. Civ. P.
166a(i); Ortega, 97 S.W.3d at 772.  The nonmovant bears the entire
burden of producing evidence to defeat a no-evidence motion for summary
judgment.  Tex. R. Civ. P.
166a(i).  When the nonmovant fails to do so, the "court must grant the
motion."  Id.

In reviewing a no-evidence motion, the
appellate court applies the same legal-sufficiency standard as it does when
reviewing a directed verdict.  Belalcazar, 99 S.W.3d at 840. 
"'Like a directed verdict, then, the task of the appellate court is to
determine whether the [nonmovant] has produced any evidence of probative force
to raise fact issues on the material questions presented.'"  Id.
(quoting Jackson, 979 S.W.2d at 70).  To raise a genuine issue of
material fact, the nonmovant must bring forth more than a scintilla of
probative evidence on the challenged element.  See
Jackson, 979 S.W.2d at 70; see also Ortega, 97 S.W.3d at
772.  "Less than a scintilla of evidence exists when the evidence is 'so
weak as to do no more than create a mere surmise or suspicion’ of a
fact."  Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.—San
Antonio 1998, pet. denied) (quoting Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983)).  "Conversely, more than a scintilla exists
when the evidence 'rises to a level that would enable reasonable and
fair-minded people to differ in their conclusions.'"  Ortega, 97
S.W.3d at 772 (quoting Transp. Inc. Co. v. Moriel, 879 S.W.2d 10, 25
(Tex. 1994)).

B.  Traditional Summary Judgment

In a traditional summary judgment
motion, the movant has the burden to show that no genuine issue of material
fact exists and that the trial court should grant judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex.
1999).  A defendant moving for traditional summary judgment must conclusively
negate at least one essential element of each of the plaintiff's causes of
action or conclusively establish each element of an affirmative defense.  Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  The summary
judgment movant has conclusively established a matter if reasonable people
could not differ as to the conclusion to be drawn from the evidence.  See
City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).

III.  Breach of
Contract

 

            By two issues, appellant argues that the
trial court erred in granting summary judgment on his breach of contract claim
on the two grounds advanced by First Victoria.[5] 
In his first issue, appellant argues that there is a fact issue as to whether
the File Maintenance Form was sufficient to effectuate Robert's instructions to
make his CD a POD account, which in turn, creates a fact issue on the breach
element challenged by First Victoria.  In his second issue, appellant argues
that a fact issue exists on whether First Victoria owed him a contractual duty
as the intended beneficiary of Robert's account.

A.  The File Maintenance Form

            The essential elements for a breach of contract
claim are the following: (1) existence of a valid contract; (2) performance or
tendered performance by the plaintiff; (3) a breach by the defendant; and (4)
damages sustained by the plaintiff as a result of the breach.  Sauceda v.
GMAC Mortgage Corp., 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi 2008, no
pet.).  First Victoria does not dispute that it had an agreement with Robert to
change the designation on his CD from a single-party account without a POD
designation to a single-party account with a POD designation with appellant
listed as beneficiary.  Rather, in its motion for summary judgment, First
Victoria attempted to negate the breach element by arguing that the File
Maintenance Form was adequate as a matter of law to change Robert's CD to a POD
account.  

Section 439 of the probate code
"provides the exclusive means for
creating . . . P.O.D. (payable on death) accounts . . .
."  Stauffer v. Henderson, 801 S.W.2d 858, 862-63 (Tex. 1990)
(citing Tex. Prob. Code Ann. §
439(b) (West 2003)).  

If the account is a
P.O.D. account and there is a written agreement signed by the original payee or
payees, on the death of the original payee or on the death of the survivor of
two or more original payees, any sums remaining on deposit belong to the P.O.D.
payee or payees if surviving, or to the survivor of them if one or more P.O.D.
payees die before the original payee.  

 

Tex. Prob. Code Ann. §
439(b).  Section 440 of the probate code governs the effect of the written
agreement:

The provisions of
Section 439 of this code as to rights of survivorship are determined by the
form of the account at the death of a party.  Notwithstanding any other
provision of the law, this form may be altered by written order given by a
party to the financial institution to change the form of the account or to stop
or vary payment under the terms of the account.  The order or request must be
signed by a party, received by the financial institution during the party's
lifetime, and not countermanded by other written order of the same party during
his lifetime.

 

Id. § 440 (West 2003).  To conclusively
disprove the challenged breach element and, thus, show its entitlement to
summary judgment, First Victoria endeavored to prove as a matter of law that it
complied with the foregoing provisions of the probate code.

                Appellant contends that, under the
probate code, the File Maintenance Form was insufficient to effectuate the POD
designation requested by Robert.[6] 
And we agree.  The probate code requires a "specific, definite written
agreement before such property [is] allowed to pass outside a testamentary
instrument."  Kitchen v. Sawyer, 814 S.W.2d 798, 801 (Tex.
App.—Dallas 1991, writ denied) (citation omitted); see also Rogers v.
Shelton, 832 S.W.2d 709, 711 (Tex. App.—Eastland 1992, writ denied)
(holding that mere addition of name to a signature card "was not a
'written order' given by a party to the bank to change the 'form of the
account' or to 'vary payment' under the terms of the account" and thus did
not comply with probate code section 440).  No such specificity is present
here.  The terms "payable on death" or "POD" appear nowhere
on the form.  The signature card signed by Robert to originally open the
account uses the term "beneficiary" in connection with single-party
POD accounts, multiple-party accounts with right of survivorship and POD
designation, and trust accounts.  Thus, the term "Add Beneficiary" on
the File Maintenance Form could have referred to the creation of a trust, a
multiple-party account with right of survivorship, or a single-party POD
account.  In other words, the File Maintenance Form was simply too vague and
ambiguous to comply with the written agreement requirement of the probate
code.  

            As such, we conclude that First Victoria
failed to negate the breach element as a matter of law.  A fact issue exists on
this element, and the trial court erred in granting summary judgment on
appellant's breach of contract claim on this basis.  See Tex. R. Civ. P. 166a(c).  Appellant's
first issue is sustained.

B.  Appellant's Standing to Bring a Contract Claim

                By his second issue, appellant
challenges First Victoria's ground that it owed no contractual duty to
appellant as a third-party beneficiary.  In its motion for summary judgment,
First Victoria asserts that before a "third-party beneficiary has standing
to sue to enforce a contract," "there must be an enforceable
agreement."  Thus, by this ground, First Victoria appears to challenge the
existence of an agreement between itself and Robert to alter the form of the
account.  In support of its challenge, First Victoria then asserts that if the
File Maintenance Form was insufficient to create a POD account, no agreement
involving appellant was ever entered into by First Victoria and Robert.  In
other words, according to First Victoria, the reason no agreement existed was
because the "File Maintenance Form was [not] effective to create" the
POD account.  The premise of First Victoria's ground is fundamentally flawed.

            First Victoria provides no argument or
evidence as to the formation of the agreement between itself and Robert and
does not otherwise question the basis of the agreement.  Instead, First
Victoria's reasoning seems to be that its failure to perform its part of the
bargain—i.e., creating the POD account with appellant as
beneficiary—retroactively erases the initial agreement.  We find no basis in
fact or law for this reasoning.  The existence of the agreement preceded any
actions by First Victoria in furtherance of the agreement.  Whether those
actions constituted a breach by First Victoria, as discussed in the first
appellate issue, has no bearing on the existence of the agreement.

                We conclude that First Victoria failed
to prove as a matter of law that it owed no contractual duty to appellant, and
the trial court erred in granting summary judgment on this basis.  Appellant's
second issue is sustained.

IV.  Negligence,
"Indemnity," and DTPA

 

            By his remaining issues, appellant challenges
the trial court's summary judgment on his negligence, "indemnity,"
and DTPA claims.  First Victoria filed a no-evidence motion for summary
judgment on each of these causes of action.  This shifted the burden to
appellant to produce evidence raising a genuine issue of material fact on each
of the challenged grounds—we will analyze next whether he met that burden.  

A.  Negligence

By his third issue, appellant argues
that the trial court erred in granting summary judgment on his negligence cause
of action.  In its no-evidence motion on this claim, First Victoria asserted
that there is no evidence that it owed any common-law negligence duty to
appellant.  And having reviewed the summary judgment response filed by
appellant in the trial court, we find that appellant failed to meet his burden
to raise a fact issue on this ground.

"[I]f the defendant's conduct . . .
would give rise to liability only because it breaches the parties' agreement,
the plaintiff's claim ordinarily sounds only in contract."  Sw. Bell
Tel. Co. v. DeLanney, 809 S.W.2d 493, 494 (Tex. 1991).  More specifically,
"in the absence of a duty to act apart from the promise made," mere
nonfeasance under a contract creates liability only for breach of contract.  Id.
at 495 n.2 (citations omitted).  It is appellant's own contention, both in his
summary judgment response and now on appeal, that First Victoria owed him a duty
arising out of its agreement with Robert to change his CD to a POD account with
appellant as beneficiary.  Appellant has identified no duty separate from the
contract and has produced no evidence of any such duty.  Because appellant
failed to meet his burden of producing evidence in response to this ground, the
trial court did not err in granting First Victoria's motion for summary
judgment on this no-evidence basis.  See Tex. R. Civ. P. 166a(i); Jackson, Inc., 979
S.W.2d at 70.

B.  "Indemnity" Cause of Action

By his fourth issue, appellant argues
that the trial court erred in granting summary judgment on his claim that First
Victoria failed to "indemnify" and protect his and Robert's interests
in the probate suit filed by appellant's sister.  In its no-evidence motion on
this claim, First Victoria asserted that there is no evidence that it had a
duty to defend or protect appellant in the earlier litigation with his sister. 
We have reviewed the summary judgment response filed by appellant in the trial court,
and the evidence produced by appellant related to the duty to indemnify and
protect that he alleged in his petition was no more than a scintilla.  See
Jackson, 979 S.W.2d at 70; see also Ortega, 97 S.W.3d at 772.

To his response, appellant attached the
File Maintenance Form naming him as beneficiary and interrogatory responses in
which he claimed that the bank owed him a duty as a beneficiary.  Based on that
evidence, appellant appears to contend that because he was the intended
beneficiary of the POD account requested by Robert, First Victoria was somehow
duty-bound to protect him in the litigation with his sister.  But appellant has
identified no legal theory supporting this contention, and faced only with this
bare contention, we cannot conclude the evidence produced by appellant did
anything more than create a mere surmise or suspicion of fact.  See Moore,
981 S.W.2d at 269.  In light of this, the trial did not err in granting First
Victoria's no-evidence summary judgment on this ground.  See Tex. R. App. P. 166a(i).  

C.  DTPA

 

            By his fifth issue, appellant challenges the
summary judgment on his claim that First Victoria's failure to properly create
the POD account violated the DTPA.  First Victoria filed a no-evidence motion
for summary judgment on this cause of action, as well, asserting that there is
no evidence that appellant is a consumer within the definition provided by the
DTPA.  Again, this shifted the burden to appellant to produce evidence raising
a genuine issue of material fact on the ground.  And again, we have reviewed
the summary judgment response filed by appellant in the trial court, and the
evidence produced by appellant related to his status as a DTPA consumer did not
meet this burden.  

            In his response and on appeal, appellant
contends that because he was a "creditor beneficiary" of Robert's
account, he was a consumer as defined by the DTPA.  Assuming for the sake of
argument, but without deciding, that a creditor beneficiary is a DTPA consumer,
appellant produced no evidence that he was a creditor beneficiary as he
claims.  

[C]reditor
beneficiaries may bring suit to enforce a contract; incidental beneficiaries
may not. . . .  A party is a creditor beneficiary if no intent to make a gift
appears from the contract, but performance will satisfy an actual or asserted
duty of the promisee to the beneficiary, such as an indebtedness, contractual
obligation, or other legally enforceable commitment to the third party, and the
promisee must intend that the beneficiary will have the right to enforce the
contract.  The intent to confer a direct benefit upon a third party must be
clearly and fully spelled out or enforcement by the third party must be
denied.  Incidental benefits that may flow from a contract to a third party do
not confer the right to enforce the contract.

 

Allan v. Nersesova, 307 S.W.3d 564, 571-72
(Tex. App.—Dallas 2010, no pet.) (citing S. Tex. Water Auth. v. Lomas,
223 S.W.3d 304, 306 (Tex. 2007); Esquivel v. Murray Guard, Inc., 992
S.W.2d 536, 543 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)) (internal
quotations omitted).  Appellant produced no evidence that Robert made him a
beneficiary
of the CD account out of any legally enforceable duty owed by Robert to
appellant, such as the satisfaction of a debt or contractual obligation.  And
because appellant produced no evidence showing he was a creditor
beneficiary—the only basis through which appellant claims DTPA consumer
status—he failed to raise a fact issue on the challenged ground.  See Tex. R. Civ. P. 166a(i); Jackson,
979 S.W.2d at 70.

D.  Summary

            Because we are affirming First Victoria's
no-evidence summary judgment on the negligence, "indemnity," and DTPA
causes of action, we need not address the traditional motion filed on these
same grounds.  See Mack Trucks, Inc., 206 S.W.3d at 600.  Appellant's
third, fourth, and fifth issues are overruled.

V. 
Conclusion

            We affirm the trial court's summary judgment
as to appellant's negligence, "indemnity," and DTPA claims.  We
reverse the trial court's summary judgment on the breach of contract cause of
action and remand for proceedings consistent with this opinion.

                

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

 

Delivered
and filed the 31st

day
of August, 2011.









[1]
The parties dispute whether the File Maintenance Form effectuated the requested
POD designation.





[2]
We construe this first ground as a challenge to the breach element of
appellant's breach of contract action.  In other words, First Victoria appears
to have argued by this ground that its actions established the POD account
requested by Robert and, therefore, it did not breach its agreement with Robert
to make the requested change.





[3]
Because a no-evidence motion for summary judgment must specifically
identify the elements of the claim for which there is no evidence, see Meru
v. Huerta, 136 S.W.3d 383, 386 (Tex. App.—Corpus Christi 2004, no pet.), we
construe First Victoria's no-evidence motion as follows:  there is no evidence
(1) of any negligence duty owed by First Victoria to appellant; (2) that
appellant is a consumer within the DTPA definition; and (3) that First Victoria
had a duty to defend or protect appellant in the earlier litigation with his
sister.  

First Victoria's reference to a contractual
"duty" does not challenge any relevant element of the contract cause
of action pled by appellant.  And First Victoria does not make any further
challenge to appellant's DTPA claim by its broad statement that there is no
evidence that it "violated the Texas [DTPA]."  As such, neither of
the foregoing were proper bases for summary judgment under the no-evidence
rationale.  See id. at 386-87 (holding that conclusory motions or
general no-evidence challenges to an opponent's case are not appropriate under
rule 166a(i)).





[4]
Appellant also responded that he "has an independent cause of action
for negligence" against First Victoria arising from the circumstances
under which the funds were released to appellant.  Having reviewed appellant's
petition, however, we do not find any pleadings in that regard.





[5]
Having reviewed the motions filed in the trial court, we conclude that First
Victoria moved only for traditional summary judgment on the breach of contract
claim.  See supra note 3.





[6]
We note that, in his breach of contract action, appellant is not limited
to the account documents in proving his claim.  See A.G. Edwards & Sons,
Inc. v. Beyer, 235 S.W.3d 704, 708 (Tex. 2007).  In cases where the issue
is ownership of the funds on deposit, the plaintiff may not use extrinsic
evidence to show whether the account is a valid right-of-survivorship or
otherwise POD account.  See Stauffer v. Henderson, 801 S.W.2d 858, 863
(Tex. 1990).  However, in cases where, as here, the issue is whether the
financial institution breached its agreement with a decedent in failing to set
up the requested account, the plaintiff may utilize extrinsic evidence to prove
its claim.  See A.G. Edwards, 235 S.W.3d at 708.

Nonetheless, in this opinion, our analysis is
circumscribed by the grounds advanced by First Victoria in its motion for
summary judgment and the evidence before the trial court in the proceedings on
that motion.  See Tex. R. Civ. P. 166a(c);
Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 310 (Tex. 2009).  Because
First Victoria asserts only that its File Maintenance Form was sufficient under
the probate code to effectuate Robert's instructions and the only evidence
before the trial court was the account documents, we limit our analysis to
whether the account documents disprove the breach element as a matter of law.