**Reverse and Remand; Opinion Filed June 12, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-11-01221-CV

**CTMI, LLC, MARK BOOZER, AND JERROD RAYMOND, Appellants**

**V.**

**RAY FISCHER AND CORPORATE TAX MANAGEMENT, INC., Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-08-15775**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Evans

CTMI, LLC, Mark Boozer, and Jerrod Raymond appeal the trial court's final judgment awarding $360,449.04 in attorney's fees to Ray Fischer and Corporate Tax Management, Inc. In a single issue, appellants generally argue the trial court erred in awarding the fees because (1) appellees did not segregate the attorney's fees related to their tort claims from the fees related to their breach of contract claims, and (2) the vast majority of appellees' attorney's fees were unreasonable after comparing certain pre-trial settlement offers with the amount for which the matter ultimately settled. We conclude the trial court's attorney's fee award was improperly based on evidence that necessarily included fees for legal work exclusively attributable to appellees' tort claims that were not recoverable. Accordingly, we reverse the judgment and remand this cause to the trial court for further proceedings on the issue of attorney's fees.

## BACKGROUND

This matter arises from a commercial dispute concerning the sale of a business under an asset purchase agreement. After the trial court granted several partial summary judgments, the matter proceeded to trial before a jury on appellees' remaining breach of contract claims; fraud and fraudulent inducement claims; and claims for attorney's fees. The parties reached a settlement before the case was submitted to the jury. Among other things, the parties agreed to sever from this case the trial court's ruling on a discrete issue relating to certain declaratory relief and agreed that appellees' claims for attorney's fees for the underlying case would be tried before the court without a jury. After the bench trial, the trial court signed a final judgment awarding appellees $360,499.04 in attorney's fees plus conditional appellate attorney's fees. It is from this judgment that appellants appeal.

## ANALYSIS

Appellants argue that the trial court's fee award should be reversed, and the case remanded for a new trial on attorney's fees based on appellees' failure to segregate fees attributable to their tort claims from those incurred with respect to their contract claims. Appellees contend that they adequately segregated attorney's fees and that procedural errors foreclose granting appellants the relief they seek. We first address appellees' procedural contentions.

### *Appellees Did Not Waive Error*

Appellees contend that appellants failed to preserve their segregation complaint because they did not challenge any specific trial court finding or conclusion related to segregation, their motion for new trial only generally complained about the lack of segregation, and they presented no evidence or argument on the issue to the trial court. Appellees' procedural arguments are without merit.

During the trial, appellants cross-examined appellees' counsel about the failure to segregate and solicited testimony from appellants' counsel that segregation of fees related to appellees' tort claims was necessary. Appellants also mentioned the failure to segregate in their closing argument. In their motion for new trial, appellants complained appellees "failed to carry their burden to segregate their attorneys [*sic*] fees between fees incurred on claims for which attorneys [*sic*] fees are recoverable and fees incurred on claims for which attorneys [*sic*] fees are not recoverable." Thus, through testimony, closing argument, and motion for new trial, appellants informed the trial court about their contentions they now argue on appeal. Appellees' argument that appellants waived their legal and factual sufficiency complaints by not raising them with specificity below is not well taken. In addition, in a nonjury case such as this, legal and factual sufficiency of the evidence complaints may be raised for the first time on appeal. TEX. R. APP. P. 33.1(d).

We are also not persuaded by appellees' complaint that appellants did not identify the specific finding of fact they challenge by this appeal. It is evident from the narrow focus of both this appeal and the trial below as well as the few and straight-forward findings of fact what findings appellants challenge. *Shaw v. Cnty. of Dallas*, 251 S.W.3d 165, 169 (Tex. App.—Dallas 2008, pet. denied) ("A challenge to an unidentified finding of fact may be sufficient if we can fairly determine from the argument the specific finding of fact which the appellant challenges.") (citing *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 863 (Tex. 2005) (per curiam)). Accordingly, we conclude appellants have not waived error on their fee-segregation complaint.

### Segregation of Attorney's Fees is Required

A party seeking to recover attorney's fees has the burden to show that the fees were reasonable and necessary, which, among other things, requires the party to show the fees were

incurred on a claim that allows recovery of such fees. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10–11 (Tex. 1991). Where, as here, a party seeks attorney's fees in a case where some claims permit the recovery of fees and others do not, the party must segregate and exclude the fees for services related to the claims for which fees are not recoverable unless "the discrete legal services advance[d] both [the] recoverable claim and the unrecoverable claim." *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006). When a party does not segregate attorney's fees between recoverable and unrecoverable claims in the court below and we determine segregation is required, the fee award must be reversed and the case must be remanded to the trial court to determine which fees are recoverable. *See Chapa*, 212 S.W.3d at 314 (unsegregated attorney's fees for entire case are some evidence of what segregated amount should be); *A.G. Edwards & Sons, Inc. v. Beyer*, 235 S.W.3d 704, 710 (Tex. 2007) (same); *Sterling*, 822 S.W.2d at 11–12 (evidence of unsegregated fees is more than a scintilla of evidence of what the segregated amount should be).

Appellees contend that segregation was not required for fees related to their tort claims because their tort claims arose from the same transaction, involved establishing or proving the same essential facts, and used the same documents and witnesses as their breach of contract claims. Thus, appellees argue that the legal services for their contract and tort claims were the same and were inextricably intertwined. At trial, appellees' counsel testified that the total fees and expenses incurred from his law firm was $456,714.42. From that amount, he segregated out charges for expenses, clerical work performed by legal assistants, and "charges to the client which were arguably not directly related to the prosecution of [appellees'] claims or defense of [appellant's] claims and affirmative defenses." He further segregated five percent of his firm's total fees for work and services relating solely to appellees' affirmative claim for breach of the employment agreement on which appellees did not prevail, and further segregated and deducted

–4–

another fifteen percent from the total for those fees relating to a discrete declaratory judgment request that was severed and became a separate judgment. After making these deductions, appellees' attorney calculated that appellees incurred $321,471.20 in attorney's fees from his firm for the prosecution of their breach of contract claim, overcoming appellants' affirmative defenses and defending against appellants' declaratory judgment claims. Counsel added to this amount $38,977.84 in attorney's fees billed to appellees by their former lawyer.

Although appellees' attorney acknowledged that these fees included work related to appellees' tort claims, he testified that appellees' breach of contract, tort claims, and their defense of certain declaratory judgment claims "arise out of the same transaction and are so interrelated that their prosecution and defense entailed proof or denial of essentially the same facts." He also stated that the prosecution and defense of these claims required the same documents and witnesses "such that discreet [sic] legal work and services were inextricably intertwined to the point of being inseparable" and that the legal services in the case would have been necessary "even if there had been no non-recoverable claims originally asserted in this case."

In contrast, appellants' expert witness testified that it was not difficult to segregate out the attorney's fees solely related to the tort claims from the contract claims. He noted that from appellees' heavily redacted legal bills "you cannot tell, looking at the entries, much of the time what the specific entry is referring to." The expert opined that with adequate records, it would have been easy to segregate out work related to appellees' negligent misrepresentation, common law fraud, fraud in the inducement, and conspiracy claims versus the contract actions.

Here, as in *Chapa*, appellees made no attempt to segregate *any* fees attributable to their tort claims, and generally asserted that *all* attorney fees they incurred for their tort claims were inextricably intertwined with their breach of contract claims. Yet, appellees were able to assign

certain percentages of their total attorney's fees to discrete contract issues such as the declaratory judgment issue and their claim for breach of the employment agreement. In their appellate brief, appellees even acknowledged their several amended pleadings contain paragraphs specifically attributable to their various tort causes of action and argued they were not required to make specific billing entries for such paragraphs.

Although we agree that appellees are not necessarily required to have separate billing entries for recoverable and non-recoverable fee work such as the time to draft the paragraphs exclusively related to their tort claims in the several iterations of pleadings, the lack of a specific billing entry does not relieve them from the duty of segregating fees for legal work that is performed solely for a claim for which attorney's fees are not recoverable. Like the plaintiff in *Chapa,* appellees were not entitled to recover legal fees incurred in drafting paragraphs in their pleadings solely related to their tort claims or performing any other legal work solely attributable to their tort claims. *See Chapa*, 212 S.W.3d at 313. Moreover, unrecoverable fees are not rendered recoverable simply because they are nominal. *Id*. As with the other legal fees appellees segregated, we see no reason their witness could not have opined on the reasonable percentage of fees attributable solely to appellees' tort claims whether or not it was de minimis. *See Chapa*, 212 S.W.3d at 314.[1] Based on the record before us, there is no question that the trial

---

[1] In *Chapa*, the supreme court observed:

> This standard does not require more precise proof for attorney's fees than for any other claims or expenses. Here, Chapa's attorneys did not have to keep separate time records when they drafted the fraud, contract, or DTPA paragraphs of her petition; *an opinion would have sufficed stating that, for example, 95 percent of their drafting time would have been necessary even if there had been no fraud claim.* The court of appeals could then have applied standard factual and legal sufficiency review to the jury's verdict based on that evidence.

*Chapa*, 212 S.W.3d at 314 (emphasis added; footnote omitted). The supreme court supplied examples from specific cases where a percentage reduction of fees was sufficient evidence of segregation:

> *See, e.g., Stewart Title Guar. Co. v. Aiello,* 941 S.W.2d 68, 73 (Tex.1997) (noting that claimant's attorney "testified that approximately twenty-percent of his time and fifteen-percent of his paralegal's time concerned issues predating the agreed judgment"); *Med. Specialist Group, P.A. v. Radiology Assocs., L.L.P.,* 171 S.W.3d 727, 738 (Tex. App.—Corpus Christi 2005, pet. denied)

court improperly awarded appellees attorney's fees for at least some legal work that was related solely to their tort claims. Because there is not a de minimis exception to the requirement to segregate recoverable attorney's fees from non-recoverable and there was evidence of unsegregated non-recoverable attorney's fees included in the amount awarded by the trial court, a new trial on attorney's fees is required. *See Chapa*, 212 S.W.3d at 314; *A.G. Edwards & Sons*, 235 S.W.3d at 710; *Sterling*, 822 S.W.2d at 11–12. We therefore resolve appellants' sole issue in their favor.

Having determined the trial court's error requires a reversal of the judgment and remand to the trial court, we need not address appellants' other argument. *See* TEX. R. APP. P. 47.1. Because appellees failed to segregate the attorney's fees solely attributable to their tort claims, we reverse the trial court's judgment and remand this case to the trial court for a new trial on attorney's fees.


/David W. Evans/
DAVID EVANS
JUSTICE

---

("In his affidavit, Radiology Associates' counsel... testified that his fees for the defense of the case totaled $460,087.00, and approximately forty percent of these fees were directly related to Saratoga's antitrust claims."); *Flagship Hotel,* 117 S.W.3d at 566 n.7 ("Flagship argues that the segregation standard is difficult to meet. We disagree and note that segregated attorney's fees can be established with evidence of unsegregated attorney's fees and a rough percent of the amount attributable to the breach of contract claim. *Schenck v. Ebby Halliday Real Estate, Inc.,* 803 S.W.2d 361, 369 (Tex. App.—Fort Worth 1990, no writ); *accord, Bradbury v. Scott,* 788 S.W.2d 31, 40 (Tex. App.—Houston [1st Dist.] 1989, writ denied).").

*Chapa*, 212 S.W.3d at 314 n.83.



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CTMI, LLC, MARK BOOZER, AND
JERROD RAYMOND, Appellants

No. 05-11-01221-CV      V.

RAY FISCHER AND CORPORATE TAX
MANAGEMENT, INC., Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-08-15775.
Opinion delivered by Justice Evans.
Justices Francis and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellants CTMI, LLC, Mark Boozer and Jerrod Raymond recover their costs of this appeal from appellees Ray Fischer and Corporate Tax Management, Inc.

Judgment entered this 12th day of June, 2013.

/David Evans/
DAVID EVANS
JUSTICE