**O. Raymond ROGERS, Jr., Appellant,**

v.

**Dollie R. SHELTON and Horace W. Shelton, Co–Independent Executors of the Estate of Coy O. Rogers, Deceased, Appellees.**

**No. 11–91–099–CV.**

Court of Appeals of Texas, Eastland.

June 4, 1992.

Rehearing Denied July 9, 1992.

Stephen Evans, Palestine, for appellant.

Daniel F. Dean, Law Firm of Daniel F. Dean, Jeffery Doran, Palestine, for appellees.

## OPINION

McCLOUD, Chief Justice.

The issue is whether the mere adding of a name and signature to an existing joint account with right of survivorship creates a right of survivorship in the person added to the account.

Plaintiffs, Dollie R. Shelton and Horace W. Shelton, Co–Independent Executors of the Estate of Coy O. Rogers, sued defendant, O. Raymond Rogers, Jr., seeking a declaratory judgment that the addition of the name and signature of defendant to the existing joint account with right of survivorship did not create a right of survivorship in favor of defendant. The depository bank, The Royall National Bank of Palestine, intervened. The trial court held that the survivorship provision of the joint account was unenforceable as to defendant. Judgment was entered for plaintiffs for the amount of the funds deposited with the bank plus attorney's fees. O. Raymond Rogers, Jr., appeals. We affirm.

The facts were stipulated. On January 6, 1981, Coy Rogers and his wife, Laura D. Rogers, deposited community funds in The Royall National Bank of Palestine. On that date, both Coy Rogers and Laura Rogers signed an account agreement with the bank establishing a joint account with right of survivorship. On November 18, 1986, the name "Raymond Rogers" was typed onto the bank signature card, and defendant signed the card. After November 18, 1986, no funds were added to the account, other than accumulated interest. Raymond Rogers never contributed any of his funds to the account. Laura Rogers died on December 12, 1986; and, under her will, all of her property was devised to her husband. Coy Rogers died testate on December 31, 1989, and Dollie Shelton and Horace Shelton are the qualified executors of his estate.

Defendant argues in three points of error that, since his name and signature were on the bank signature card at the time of the death of Coy Rogers, all of the deposited funds passed to defendant under the right of survivorship provision of the joint account. We disagree.

The Supreme Court in *Stauffer v. Henderson*, 801 S.W.2d 858 (Tex.1990), held that TEX.PROB.CODE ANN. § 439 (Vernon 1980 & Supp.1992) provides the exclusive means of creating a right of survivorship in a joint account. Section 439(a) provides in part:

Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties.

In *Stauffer*, the court stated that "Section 439(a) makes a written agreement determi-

native of the existence of a right of survivorship in a joint account." Coy Rogers and Laura Rogers entered into the required "written agreement" with the bank on January 6, 1981. At that time, the written joint account agreement created in favor of each of them a right of survivorship in the deposited funds should the other die. The agreement did not contain the name of defendant. Coy Rogers and Laura Rogers did not enter into a new written agreement approximately six years later when the name of defendant was typed on the signature card, and defendant signed the card.

Tex.Prob.Code Ann. § 440 (Vernon 1980) contains the procedure for changing a properly established joint account with right of survivorship. Section 440 provides:

> The provisions of Section 439 of this code as to rights of survivorship are determined by the form of the account at the death of a party. Notwithstanding any other provision of the law, this form may be altered by written order given by a party to the financial institution to change the form of the account or to stop or vary payment under the terms of the account. The order or request must be signed by a party, received by the financial institution during the party's lifetime, and not countermanded by other written order of the same party during his lifetime.

The mere addition of a typed name and signature on the bank's signature card was not a "written order" given by a party to the bank to change the "form of the account" or to "vary payment" under the terms of the account. There was no order or request signed by a party and received by the bank during the party's lifetime. See *McCarty v. First State Bank & Trust Company*, 723 S.W.2d 792 (Tex.App.—Texarkana), *rev'd in part on other grounds*, 730 S.W.2d 656 (Tex.1987). Defendant's three points of error are overruled.

Judgment of the trial court is affirmed.