

## NUMBER 13-10-00282-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**KENNETH MICHAEL KOONCE,** **Appellant,**

**v.**

**FIRST VICTORIA NATIONAL BANK,** **Appellee.**

### On appeal from the 36th District Court
### of San Patricio County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Rodriguez**

This appeal arises out of a probate dispute over funds held by appellee First Victoria National Bank in a supposed payable-on-death account. Upon the death of the account holder, First Victoria distributed those funds to appellant Kenneth Michael Koonce, the named beneficiary, but the probate court later ruled that the funds were estate assets and judgment was entered against appellant for the amount of the

distributed funds. Appellant sued First Victoria for breach of contract, negligence, violations of the Texas Deceptive Trade Practices Act (DTPA), and breach of its duty of "indemnity" and to protect. The trial court granted summary judgment in favor of First Victoria on all claims. By five issues on appeal, appellant challenges each ground on which First Victoria moved for summary judgment. We affirm, in part, and reverse and remand, in part.

## I. Background

The following facts are undisputed. Robert Barton Koonce, appellant's father, opened a certificate of deposit (CD) account at the Taft, Texas branch of First Victoria in the amount of $75,000. Approximately two years after opening the account, Robert instructed First Victoria to change the CD to a payable-on-death (POD) account and to designate appellant as the beneficiary. To make the change, First Victoria had Robert sign a "File Maintenance Form" that included this sole notation: "Add Beneficiary: Kenneth B. Koonce."[1] Two years later, Robert died. Appellant took Robert's death certificate to First Victoria, and First Victoria distributed the funds of the CD—$75,259.35—to appellant. Appellant's sister later sued him and First Victoria, claiming that the funds distributed to appellant were an asset of Robert's estate. First Victoria settled with appellant's sister and was dismissed from the suit. The court granted summary judgment in favor of the sister, determining that the CD funds were an estate asset, and entered judgment against appellant in the amount of $75,259.35 plus attorney's fees.

---

[1] The parties dispute whether the File Maintenance Form effectuated the requested POD designation.

2

Appellant sued First Victoria in connection with that judgment, and it is that lawsuit that underlies this appeal.  In his petition, appellant alleged that First Victoria:  (1) breached its contract with Robert, and with appellant as third-party beneficiary, by failing to change the CD to a POD account; (2) was negligent in failing to change the account designation as directed by Robert; (3) violated the DTPA by breaching its warranty that the account designation would be changed as directed by Robert; and (4) breached its duty of "indemnity" and to protect Robert and appellant when it entered into mediation with appellant's sister in the earlier litigation and settled without ensuring that appellant was protected.  Appellant asked for damages in the amount of the judgment obtained by his sister in the earlier lawsuit, damages for mental anguish and injury to his reputation, and for attorneys' fees.

First Victoria filed a hybrid traditional and no-evidence motion for summary judgment.  *See* TEX. R. CIV. P. 166a(c), (i).  In its traditional motion, First Victoria argued that there are no fact issues, as follows:  Robert's CD was changed to a POD account because the form signed by Robert complied with the probate code's requirements as a matter of law[2]; if the form was insufficient to create a POD account, no agreement involving appellant was ever entered into by First Victoria and appellant therefore has no standing to bring a third-party beneficiary contract claim; First Victoria owed no common-law negligence duty to appellant in connection with its transaction with Robert; First Victoria owed no duty to appellant to protect him in the earlier litigation with his sister; and as a matter of law, appellant is not a consumer as defined by the DTPA.  In its

---

[2] We construe this first ground as a challenge to the breach element of appellant's breach of contract action.  In other words, First Victoria appears to have argued by this ground that its actions established the POD account requested by Robert and, therefore, it did not breach its agreement with Robert to make the requested change.

no-evidence motion, First Victoria argued that appellant

> [C]annot come forward with any evidence to support the existence of a duty owed to [appellant] by contract or otherwise, or that [appellant] was a consumer as defined by the Texas [DTPA], or that [First Victoria] violated the Texas [DTPA], or that [First Victoria] had any duty (or breached a duty) to defend or protect the interests of [appellant] in the prior litigation. Hence, [appellant] cannot prove the elements necessary to sustain any of these causes of action against [First Victoria].[3]

Appellant responded to each of First Victoria's traditional grounds for summary judgment, arguing that: under the probate code and case law, the File Maintenance Form did not create a POD account as instructed by Robert; First Victoria is estopped from avoiding its contractual obligations to appellant as third-party beneficiary; First Victoria had a common-law duty to perform with care, skill, reasonable expedience, and faithfulness that arose out of the contract to create the requested POD account with appellant as the beneficiary[4]; appellant is a creditor beneficiary of the account created by Robert and is therefore a consumer as defined by the DTPA; and because appellant is a creditor beneficiary, First Victoria had a duty to defend or protect his interests in the earlier litigation. Appellant also attached the following evidence to his response: the original signature card through which Robert initially set up the CD as a single-party account

---

[3] Because a no-evidence motion for summary judgment must specifically identify the elements of the claim for which there is no evidence, *see Meru v. Huerta*, 136 S.W.3d 383, 386 (Tex. App.—Corpus Christi 2004, no pet.), we construe First Victoria's no-evidence motion as follows: there is no evidence (1) of any negligence duty owed by First Victoria to appellant; (2) that appellant is a consumer within the DTPA definition; and (3) that First Victoria had a duty to defend or protect appellant in the earlier litigation with his sister.

First Victoria's reference to a contractual "duty" does not challenge any relevant element of the contract cause of action pled by appellant. And First Victoria does not make any further challenge to appellant's DTPA claim by its broad statement that there is no evidence that it "violated the Texas [DTPA]." As such, neither of the foregoing were proper bases for summary judgment under the no-evidence rationale. *See id.* at 386-87 (holding that conclusory motions or general no-evidence challenges to an opponent's case are not appropriate under rule 166a(i)).

[4] Appellant also responded that he "has an independent cause of action for negligence" against First Victoria arising from the circumstances under which the funds were released to appellant. Having reviewed appellant's petition, however, we do not find any pleadings in that regard.

4

without a POD designation; the File Maintenance Form; and appellant's responses to First Victoria's interrogatories.

After a hearing, the trial court granted First Victoria's motion for summary judgment on all of appellant's claims. In its order, the trial court did not specify the bases on which it granted summary judgment. This appeal followed.

## II. Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the theories presented are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 217 (Tex. 2004); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000). The motion must state the specific grounds relied upon for summary judgment. *See* TEX. R. CIV. P. 166a(c), (i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). When reviewing a summary judgment motion, we must take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

A party seeking summary judgment may combine in a single motion a request for summary judgment under the no-evidence standard with a request under the traditional summary judgment standard. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004). When a party has filed both a traditional and no-evidence summary judgment motion and the order does not specify which motion was granted, we typically review first the propriety of the summary judgment under the no-evidence standard. *See* TEX. R. CIV. P.

5

166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence summary judgment was properly granted, we need not reach the arguments under the traditional motion for summary judgment. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 600 (Tex. 2006).

## A. No-Evidence Summary Judgment

In a no-evidence motion for summary judgment, the movant must assert that there is no evidence of one or more essential elements of a claim on which the adverse party will bear the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Scripps Tex. Newspapers, L.P. v. Belalcazar*, 99 S.W.3d 829, 840 (Tex. App.—Corpus Christi 2003, pet. denied). Under rule 166a(i), "[t]he court must [then] grant the [no-evidence] motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i); *see Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). The movant has no burden to attach any evidence to a no-evidence motion for summary judgment. TEX. R. CIV. P. 166a(i); *Ortega*, 97 S.W.3d at 772. The nonmovant bears the entire burden of producing evidence to defeat a no-evidence motion for summary judgment. TEX. R. CIV. P. 166a(i). When the nonmovant fails to do so, the "court must grant the motion." *Id.*

In reviewing a no-evidence motion, the appellate court applies the same legal-sufficiency standard as it does when reviewing a directed verdict. *Belalcazar*, 99 S.W.3d at 840. "'Like a directed verdict, then, the task of the appellate court is to determine whether the [nonmovant] has produced any evidence of probative force to raise fact issues on the material questions presented.'" *Id.* (quoting *Jackson*, 979 S.W.2d at 70). To raise a genuine issue of material fact, the nonmovant must bring forth

6

more than a scintilla of probative evidence on the challenged element. *See Jackson*, 979 S.W.2d at 70; *see also Ortega*, 97 S.W.3d at 772. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). "Conversely, more than a scintilla exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Ortega*, 97 S.W.3d at 772 (quoting *Transp. Inc. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)).

## B. Traditional Summary Judgment

In a traditional summary judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). The summary judgment movant has conclusively established a matter if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

### III. Breach of Contract

By two issues, appellant argues that the trial court erred in granting summary

judgment on his breach of contract claim on the two grounds advanced by First Victoria.[5] In his first issue, appellant argues that there is a fact issue as to whether the File Maintenance Form was sufficient to effectuate Robert's instructions to make his CD a POD account, which in turn, creates a fact issue on the breach element challenged by First Victoria. In his second issue, appellant argues that a fact issue exists on whether First Victoria owed him a contractual duty as the intended beneficiary of Robert's account.

## A. The File Maintenance Form

The essential elements for a breach of contract claim are the following: (1) existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi 2008, no pet.). First Victoria does not dispute that it had an agreement with Robert to change the designation on his CD from a single-party account without a POD designation to a single-party account with a POD designation with appellant listed as beneficiary. Rather, in its motion for summary judgment, First Victoria attempted to negate the breach element by arguing that the File Maintenance Form was adequate as a matter of law to change Robert's CD to a POD account.

Section 439 of the probate code "provides the exclusive means for creating . . . P.O.D. (payable on death) accounts . . . ." *Stauffer v. Henderson*, 801 S.W.2d 858, 862-63 (Tex. 1990) (citing TEX. PROB. CODE ANN. § 439(b) (West 2003)).

> If the account is a P.O.D. account and there is a written agreement signed by the original payee or payees, on the death of the original payee or on the death of the survivor of two or more original payees, any sums remaining on

---

[5] Having reviewed the motions filed in the trial court, we conclude that First Victoria moved only for traditional summary judgment on the breach of contract claim. *See supra* note 3.

deposit belong to the P.O.D. payee or payees if surviving, or to the survivor of them if one or more P.O.D. payees die before the original payee.

TEX. PROB. CODE ANN. § 439(b). Section 440 of the probate code governs the effect of the written agreement:

> The provisions of Section 439 of this code as to rights of survivorship are determined by the form of the account at the death of a party. Notwithstanding any other provision of the law, this form may be altered by written order given by a party to the financial institution to change the form of the account or to stop or vary payment under the terms of the account. The order or request must be signed by a party, received by the financial institution during the party's lifetime, and not countermanded by other written order of the same party during his lifetime.

*Id.* § 440 (West 2003). To conclusively disprove the challenged breach element and, thus, show its entitlement to summary judgment, First Victoria endeavored to prove as a matter of law that it complied with the foregoing provisions of the probate code.

Appellant contends that, under the probate code, the File Maintenance Form was insufficient to effectuate the POD designation requested by Robert.[6] And we agree. The probate code requires a "specific, definite written agreement before such property [is] allowed to pass outside a testamentary instrument." *Kitchen v. Sawyer*, 814 S.W.2d 798, 801 (Tex. App.—Dallas 1991, writ denied) (citation omitted); *see also Rogers v. Shelton*, 832 S.W.2d 709, 711 (Tex. App.—Eastland 1992, writ denied) (holding that

---

[6] We note that, in his breach of contract action, appellant is not limited to the account documents in proving his claim. *See A.G. Edwards & Sons, Inc. v. Beyer*, 235 S.W.3d 704, 708 (Tex. 2007). In cases where the issue is ownership of the funds on deposit, the plaintiff may not use extrinsic evidence to show whether the account is a valid right-of-survivorship or otherwise POD account. *See Stauffer v. Henderson*, 801 S.W.2d 858, 863 (Tex. 1990). However, in cases where, as here, the issue is whether the financial institution breached its agreement with a decedent in failing to set up the requested account, the plaintiff may utilize extrinsic evidence to prove its claim. *See A.G. Edwards*, 235 S.W.3d at 708.

Nonetheless, in this opinion, our analysis is circumscribed by the grounds advanced by First Victoria in its motion for summary judgment and the evidence before the trial court in the proceedings on that motion. *See* TEX. R. CIV. P. 166a(c); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Because First Victoria asserts only that its File Maintenance Form was sufficient under the probate code to effectuate Robert's instructions and the only evidence before the trial court was the account documents, we limit our analysis to whether the account documents disprove the breach element as a matter of law.

mere addition of name to a signature card "was not a 'written order' given by a party to the bank to change the 'form of the account' or to 'vary payment' under the terms of the account" and thus did not comply with probate code section 440). No such specificity is present here. The terms "payable on death" or "POD" appear nowhere on the form. The signature card signed by Robert to originally open the account uses the term "beneficiary" in connection with single-party POD accounts, multiple-party accounts with right of survivorship and POD designation, and trust accounts. Thus, the term "Add Beneficiary" on the File Maintenance Form could have referred to the creation of a trust, a multiple-party account with right of survivorship, or a single-party POD account. In other words, the File Maintenance Form was simply too vague and ambiguous to comply with the written agreement requirement of the probate code.

As such, we conclude that First Victoria failed to negate the breach element as a matter of law. A fact issue exists on this element, and the trial court erred in granting summary judgment on appellant's breach of contract claim on this basis. *See* TEX. R. CIV. P. 166a(c). Appellant's first issue is sustained.

**B. Appellant's Standing to Bring a Contract Claim**

By his second issue, appellant challenges First Victoria's ground that it owed no contractual duty to appellant as a third-party beneficiary. In its motion for summary judgment, First Victoria asserts that before a "third-party beneficiary has standing to sue to enforce a contract," "there must be an enforceable agreement." Thus, by this ground, First Victoria appears to challenge the existence of an agreement between itself and Robert to alter the form of the account. In support of its challenge, First Victoria then asserts that if the File Maintenance Form was insufficient to create a POD account, no

10

agreement involving appellant was ever entered into by First Victoria and Robert. In other words, according to First Victoria, the reason no agreement existed was because the "File Maintenance Form was [not] effective to create" the POD account. The premise of First Victoria's ground is fundamentally flawed.

First Victoria provides no argument or evidence as to the formation of the agreement between itself and Robert and does not otherwise question the basis of the agreement. Instead, First Victoria's reasoning seems to be that its failure to perform its part of the bargain—i.e., creating the POD account with appellant as beneficiary—retroactively erases the initial agreement. We find no basis in fact or law for this reasoning. The existence of the agreement preceded any actions by First Victoria in furtherance of the agreement. Whether those actions constituted a breach by First Victoria, as discussed in the first appellate issue, has no bearing on the existence of the agreement.

We conclude that First Victoria failed to prove as a matter of law that it owed no contractual duty to appellant, and the trial court erred in granting summary judgment on this basis. Appellant's second issue is sustained.

### IV. Negligence, "Indemnity," and DTPA

By his remaining issues, appellant challenges the trial court's summary judgment on his negligence, "indemnity," and DTPA claims. First Victoria filed a no-evidence motion for summary judgment on each of these causes of action. This shifted the burden to appellant to produce evidence raising a genuine issue of material fact on each of the challenged grounds—we will analyze next whether he met that burden.

### A. Negligence

By his third issue, appellant argues that the trial court erred in granting summary judgment on his negligence cause of action. In its no-evidence motion on this claim, First Victoria asserted that there is no evidence that it owed any common-law negligence duty to appellant. And having reviewed the summary judgment response filed by appellant in the trial court, we find that appellant failed to meet his burden to raise a fact issue on this ground.

"[I]f the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). More specifically, "in the absence of a duty to act apart from the promise made," mere nonfeasance under a contract creates liability only for breach of contract. *Id.* at 495 n.2 (citations omitted). It is appellant's own contention, both in his summary judgment response and now on appeal, that First Victoria owed him a duty arising out of its agreement with Robert to change his CD to a POD account with appellant as beneficiary. Appellant has identified no duty separate from the contract and has produced no evidence of any such duty. Because appellant failed to meet his burden of producing evidence in response to this ground, the trial court did not err in granting First Victoria's motion for summary judgment on this no-evidence basis. *See* TEX. R. CIV. P. 166a(i); *Jackson, Inc.*, 979 S.W.2d at 70.

## B. "Indemnity" Cause of Action

By his fourth issue, appellant argues that the trial court erred in granting summary judgment on his claim that First Victoria failed to "indemnify" and protect his and Robert's interests in the probate suit filed by appellant's sister. In its no-evidence motion on this claim, First Victoria asserted that there is no evidence that it had a duty to defend or

12

protect appellant in the earlier litigation with his sister. We have reviewed the summary judgment response filed by appellant in the trial court, and the evidence produced by appellant related to the duty to indemnify and protect that he alleged in his petition was no more than a scintilla. *See Jackson*, 979 S.W.2d at 70; *see also Ortega*, 97 S.W.3d at 772.

To his response, appellant attached the File Maintenance Form naming him as beneficiary and interrogatory responses in which he claimed that the bank owed him a duty as a beneficiary. Based on that evidence, appellant appears to contend that because he was the intended beneficiary of the POD account requested by Robert, First Victoria was somehow duty-bound to protect him in the litigation with his sister. But appellant has identified no legal theory supporting this contention, and faced only with this bare contention, we cannot conclude the evidence produced by appellant did anything more than create a mere surmise or suspicion of fact. *See Moore*, 981 S.W.2d at 269. In light of this, the trial did not err in granting First Victoria's no-evidence summary judgment on this ground. *See* TEX. R. APP. P. 166a(i).

## C. DTPA

By his fifth issue, appellant challenges the summary judgment on his claim that First Victoria's failure to properly create the POD account violated the DTPA. First Victoria filed a no-evidence motion for summary judgment on this cause of action, as well, asserting that there is no evidence that appellant is a consumer within the definition provided by the DTPA. Again, this shifted the burden to appellant to produce evidence raising a genuine issue of material fact on the ground. And again, we have reviewed the summary judgment response filed by appellant in the trial court, and the evidence

produced by appellant related to his status as a DTPA consumer did not meet this burden.

In his response and on appeal, appellant contends that because he was a "creditor beneficiary" of Robert's account, he was a consumer as defined by the DTPA. Assuming for the sake of argument, but without deciding, that a creditor beneficiary is a DTPA consumer, appellant produced no evidence that he was a creditor beneficiary as he claims.

> [C]reditor beneficiaries may bring suit to enforce a contract; incidental beneficiaries may not. . . . A party is a creditor beneficiary if no intent to make a gift appears from the contract, but performance will satisfy an actual or asserted duty of the promisee to the beneficiary, such as an indebtedness, contractual obligation, or other legally enforceable commitment to the third party, and the promisee must intend that the beneficiary will have the right to enforce the contract. The intent to confer a direct benefit upon a third party must be clearly and fully spelled out or enforcement by the third party must be denied. Incidental benefits that may flow from a contract to a third party do not confer the right to enforce the contract.

*Allan v. Nersesova*, 307 S.W.3d 564, 571-72 (Tex. App.—Dallas 2010, no pet.) (citing *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007); *Esquivel v. Murray Guard, Inc.*, 992 S.W.2d 536, 543 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)) (internal quotations omitted). Appellant produced no evidence that Robert made him a beneficiary of the CD account out of any legally enforceable duty owed by Robert to appellant, such as the satisfaction of a debt or contractual obligation. And because appellant produced no evidence showing he was a creditor beneficiary—the only basis through which appellant claims DTPA consumer status—he failed to raise a fact issue on the challenged ground. *See* TEX. R. CIV. P. 166a(i); *Jackson*, 979 S.W.2d at 70.

## D. Summary

Because we are affirming First Victoria's no-evidence summary judgment on the

negligence, "indemnity," and DTPA causes of action, we need not address the traditional motion filed on these same grounds. *See Mack Trucks, Inc.*, 206 S.W.3d at 600. Appellant's third, fourth, and fifth issues are overruled.

## V.  Conclusion

We affirm the trial court's summary judgment as to appellant's negligence, "indemnity," and DTPA claims. We reverse the trial court's summary judgment on the breach of contract cause of action and remand for proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 31st
day of August, 2011.