ACCEPTED
01-14-00779-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/23/2015 4:23:57 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00779-CV

In the Court of Appeals
First Judicial District of Texas
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/23/2015 4:23:57 PM

CHRISTOPHER A. PRINE
Clerk

―――――――――――――――――――――――――――――

### POINTE WEST CENTER, LLC
*Appellant,*

*vs.*

### IT'S ALIVE, INC. AND SHAMIL QURESHI
*Appellees/Cross-Appellants,*

―――――――――――――――――――――――――――――

Appeal from County Civil Court at Law No. 1
Harris County, Texas
Cause No. 1022800

―――――――――――――――――――――――――――――

### BRIEF OF APPELLEES IT'S ALIVE, INC. AND SHAMIL QURESHI

―――――――――――――――――――――――――――――

James A. Dunn
Texas Bar No. 06244800
3006 Brazos Street
Houston, Texas 77006
Tel.: (713) 403-7405
Fax: (713) 230-8940
Email: jdunn@dnglegal.com
Attorney for Appellees
IT'S ALIVE, INC. AND
SHAMIL QURESHI

ORAL ARGUMENT REQUESTED

# IDENTITIES OF PARTIES AND COUNSEL

Appellant/Plaintiff in Trial Court
POINTE WEST CENTER, LLC.

Spencer E. Dunn
Texas Bar No. 00797848
The Law Office of Spencer E. Dunn
4669 Southwest Freeway, Suite 760
Houston, Texas 77027
Telephone: (713) 589-4920
Facsimile: (713-344-0867
Email: spenceredunn@aol.com
COUNSEL FOR APPELLANT
POINTE WEST CENTER, LLC
DURING TRIAL AND ON APPEAL

Appellees/Cross-Appellants/Defendants in Trial Court
IT'S ALIVE, INC.,
SHAMIL QURESHI

James A. Dunn
Texas Bar No. 06244800
Dunn Neal & Gerger, L.L.P.
3006 Brazos Street
Houston, Texas 77006
Telephone: 713.403.7405
Facsimile: 713.960.0204
Email: jdunn@dnglegal.com
COUNSEL FOR APPELLEES/CROSS-APPELLANTS
IT'S ALIVE, INC. AND SHAMIL QURESHI
DURING TRIAL AND ON APPEAL

ii

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL……………………………………….ii

INDEX OF AUTHORITIES…………………………………………….......vi

STATEMENT OF THE CASE…………………………………………....2

STATEMENT ON ORAL ARGUMENT………………………………….3

ISSUES PRESENTED FOR REVIEW………………………………….3

STATEMENT OF FACTS……………………………………………......4

SUMMARY OF THE ARGUMENT……………………………………8

ARGUMENT AND AUTHORITIES…………………………………….....11

APPELLEES' REPLY ISSUE NO. 1………………………………..………11

The Trial Court did not err in not awarding attorney's fees and costs to Appellant.

Appellant waived the contractual attorney's fees provision by not pleading for contractual attorney's fees…………………………………………….....11

(A)    On appeal, Appellant complains that attorney's fees and costs are mandatory under the prevailing party provision in the Lease. At trial, Appellant pled for attorney's fees under Chapter 38 CPRC only.

Appellant's reliance on alleged stipulation that attorney's fees would be presented by affidavit is misplaced. There is nothing in the record to support the claimed stipulation…………………………………………………………....14

(B)    The Trial Court did not err in not awarding attorney's fees and costs because there was no stipulation that the issue of attorney's fees and costs would be decided based on affidavits.

The Spencer Dunn Affidavit and Exhibits were objectionable and properly excluded……………………………………...…………………………15

(C)     The Trial Court did not err in not awarding attorney's fees and costs based on the Spencer Dunn Affidavit because of Appellant's failure to disclose Spencer Dunn as an expert witness in its Rule 194 responses and based on deficiencies in the Spencer Dunn Affidavit and exhibits.

The Tagtmeier Affidavit and Exhibits were objectionable and properly excluded…………………………………………………………………………..18

(D)     The Trial Court did not err in not awarding attorney's fees and costs based on the Brian Tagtmeier Affidavit because of Appellant's failure to make the required disclosures in its Rule 194 responses; the deficiencies in the Tagtmeier Affidavit and exhibits; and based on the late and unsupported offer of the Tagtmeier evidence after the Final Judgment had been signed.

The failure to challenge all potential grounds for the Trial Court's denial of fees and costs requires affirmance of the denial of such fees and costs ………………21

(E)     The denial of attorney's fees and costs should be affirmed because Appellant has failed to challenge each of the independent grounds on which the Trial Court's orders could have been based.

APPELLEES' REPLY ISSUE NO. 2…………………………………..…..23, 24

The Trial Court did not err in denying Appellant's Motion for Judgment N.O.V. on the Holdover Damages issue.

(A)     The Jury answer of zero holdover penalty damages is supported by the evidence.

(B)     The parties agreed that the Tenant could stay on at the regular rental rate while looking for a buyer for its business and new tenant for the Landlord and the Tenant would not be required to pay holdover rent.

APPELLEES' CROSS-POINT NO. 1…………………………………….....28

Appellees have filed a Cross-Appeal asserting that there is no evidence to support the jury's finding of reasonable repair costs which is the sole basis for the recovery obtained by Appellant. A finding of no evidence to support the award of damages would also preclude any award of attorney's fees to Appellant.

PRAYER…………………………………………………….…29

CERTIFICATE OF COMPLIANCE…………………………………...….…30

CERTIFICATE OF SERVICE…………………………………….………...31

# INDEX OF AUTHORITIES

*A.G. Edwards & Sons v. Beyer,* 235 S.W.3d 704 (Tex. 2007) ............................. 22

*Alvarado v. Farah Mfg.,* 830 S.W.2d 911 (Tex. 1992) ......................................... 21

*B.L.B.*, 2014 Tex. App. Lexis 5447 (Tex. App.—Corpus Christi 2014)................ 17

*Britton v. Tex. Dep't of Crim. Justice,* 95 S.W.3d 676 (Tex. App.—Houston [1st Dist.] 2002) .................................................................................................... 22

*Burgmann Seals Am., Inc. v. Cadenhead,* 135 S.W.3d 854 (Tex. App.—Houston [1st Dist.] 2004) ....................................................................................... 13

*Burrow v. Arce*, 997 S.W.2d 229 (Tex. 1999) ..................................................... 19

*Coinmach Corp. v. Aspenwood Apt. Corp.,* 417 S.W.3d 909 (Tex. 2013) ........... 27

*Dayton Hudson Corp. v. Altus,* 715 S.W.2d 670, 674 (Tex. App— Houston [1st Dist.] 1986, writ ref'd n.r.e.) ………………………………………………..… 28

*Dowling v. NADW Mktg., Inc.,* 631 S.W.2d 726 (Tex. 1982) .............................. 28

*E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363 (Tex. 1987) ......................... 16

*Farrar v. Hobby,* 506 U.S. 103 (1992) …………………………………….13, 14

*Fort Brown Villas III Condo. Ass'n v. Gillenwater,* 285 S.W.3d 879 (Tex. 2009) ....................................................................................................... 17

*Fox v. Maguire,* 224 S.W.3d 304 (Tex. App.—El Paso 2005) ............................. 22

*Herschbach v. City of Corpus Christi*, 883 S.W.2d 720 (Tex. App.—Corpus Christi 1994) .................................................................................................... 14

*Intercontinental Group P'ship v. KB Home Lone Star L.P.,* 295 S.W.3d 650 (Tex. 2009) ....................................................................................................... 12

*Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977)…………………………….13

*Lopez v. La Madeleine of Tex., Inc.,* 200 S.W.3d 854 (Tex. App.—Dallas 2006)  20

*Mentis v. Barnard,* 870 S.W.2d 14 (Tex. 1994) ............................................. 17, 22

*Merrell Dow Pharms. v. Havner,* 953 S.W.2d 706 (Tex. 1997) ........................... 20

*Moore v. Mem'l Hermann Hosp. Sys.,* 140 S.W.3d 870 (Tex. App.—Houston [1st Dist.] 2004) ..................................................................................... 17

*Morrow v. H.E.B., Inc.,* 714 S.W.2d 297 (Tex. 1986) ..................................... 18, 22

*Norfolk S. Ry. v. Bailey,* 92 S.W.3d 577 (Tex. App.—Austin 2002) .................... 20

*Peterson Group, Inc. v. PLTQ Lotus Group, L.P.,* 417 S.W.3d 46 (Tex. App.—Houston [1st Dist.] 2013) …………………………………………………………… 11, 12

*R.J. Suarez Enters. v. PNYX L.P.,* 380 S.W.3d 238 (Tex. App.—Dallas 2012) ... 27

*Riyad Bank v. Gailani,* 61 S.W.3d 353 (Tex. 2001) ............................................. 12

*Ronin v. Lerner,* 7 S.W.3d 883 (Tex. App.—Houston [1st Dist.] 1999) .............. 14

*Sharp v. Broadway Nat'l Bank,* 784 S.W.2d 669 (Tex. 1990) ............................. 21

*Sitaram v. Aetna U.S. Healthcare of N. Tex., Inc.,* 152 S.W.3d 817 (Tex. App.—Texarkana 2004) ............................................................................................ 14

*St.-Whittington Co. v. Sayres,* 172 S.W. 772 (Tex. Civ. App.—Amarillo 1915)... 26

*Stoner v. Thompson,* 578 S.W.2d 679 (Tex. 1979) ............................................. 12

*Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299 (Tex. 2006) ...................... 22

*United Blood Servs. v. Longoria,* 938 S.W.2d 29 (Tex. 1997) ............................. 19

*Vingcard A.S. & Vingcard Sys. v. Merrimac Hospitality Sys.,* 59 S.W.3d 847 (Tex. App.—Fort Worth 2001) ................................................................................. 17

*Williams v. Cnty. of Dall.,* 194 S.W.3d 29 (Tex. App.—Dallas 2006) ................ 20

**Rules and Statutes**

Tex. R. App. P. 9.4 ............................................................................................. 30

Tex. R. Civ. P. 193.6............................................................................................ 16

Tex. R. Civ. P. 193.6(a) ...................................................................................... 20

Tex. R. Civ. P. 193.6(b) ...................................................................................... 20

Tex. R. Civ. P. 194.2(f) ....................................................................................... 17

Tex. R. Civ. P 301 ........................................................................................ 12

TRE 703 ...................................................................................................... 20

**NO. 01-14-00779-CV**

In the Court of Appeals
First Judicial District of Texas
Houston, Texas

_____

**POINTE WEST CENTER, LLC**
*Appellant,*

*vs.*

**IT'S ALIVE, INC. AND SHAMIL QURESHI**
*Appellees/Cross-Appellants,*

_____

Appeal from County Civil Court at Law No. 1
Harris County, Texas
Cause No. 1022800

_____

**BRIEF OF APPELLEES IT'S ALIVE, INC. AND SHAMIL QURESHI**
_____

TO THE HONORABLE COURT OF APPEALS:

Appellees It's Alive, Inc. and Shamil Qureshi file their Appellees' Brief. For the reasons set forth herein, all of the relief requested by Appellant should be denied, and for the reasons set forth in their Cross-Appellants' Brief, the Judgment entered in favor of Pointe West Center, LLC should be reversed and rendered.

1

## STATEMENT OF THE CASE

Appellees disagree with Appellant's Statement of the Case and provide the following statement for the Court. Pointe West Center, LLC sued It's Alive, Inc. and Shamil Qureshi for breach of a commercial lease and for conversion and trespass to chattels. After the jury verdict awarded Appellant damages in the amount of $15,000, Appellant filed a motion for entry of judgment and requested $50,920.50 in attorney's fees and $3,242.56 in expenses, all of which the Trial Court denied. Appellant also seeks to recover holdover rent despite the fact that the jury found no damages under the holdover penalty provision.

Contrary to Appellant's statements, there was no written stipulation or stipulation made in open Court that attorney's fees would be addressed at the motion for entry of the judgment stage or would be presented by affidavit. Contrary to Appellant's statements in its Brief, Appellant's live pleading at the time of trial requested attorney's fees pursuant to Chapter 38 CPRC only, and there was no pleading for contractual attorney's fees.

The Trial Court, Honorable Debra Ibarra Mayfield, entered Judgment based on the jury's verdict. Pointe West Center, LLC filed a motion for judgment notwithstanding verdict which was denied, as was its motion for reconsideration. Pointe West Center, LLC, filed its Notice of Appeal. It's Alive, Inc., and Shamil Qureshi filed their Notice of Cross-Appeal.

## STATEMENT ON ORAL ARGUMENT

Appellees do not believe oral argument is necessary. However, Appellant has requested oral argument and if the Court desires oral argument, Appellees would like the opportunity to appear and present oral argument.

## ISSUES PRESENTED FOR REVIEW

Appellant's Issue No. 1:

"Whether attorney's fees were mandatory and did the Trial Court abuse its discretion when it failed to award attorney's fees and costs to the prevailing party when said damages were specifically provided for in the lease agreement between the parties?"

Appellees' Reply Issue No. 1:

The Trial Court did not err in not awarding attorney's fees and costs to Appellant.

(A)   On appeal, Appellant complains that attorney's fees and costs are mandatory under the prevailing party provision in the Lease. At trial Appellant, Appellant pled for attorney's fees under Chapter 38 CPRC only.

(B)   The Trial Court did not err in not awarding attorney's fees and costs because there was no stipulation that the issue of attorney's fees and costs would be decided based on affidavits.

(C)   The Trial Court did not err in not awarding attorney's fees and costs based on the Spencer Dunn Affidavit because of Appellant's failure to disclose Spencer Dunn as an expert witness in its Rule 194 responses and based on deficiencies in the Spencer Dunn Affidavit and exhibits.

(D)   The Trial Court did not err in not awarding attorney's fees and costs based on the Brian Tagtmeier Affidavit because of Appellant's failure to make the required disclosures in its Rule 194 responses; the deficiencies in the Tagtmeier Affidavit and exhibits; and based on the late and unsupported offer of the Tagtmeier evidence after the Final Judgment had been signed.

(E)    The denial of attorney's fees and costs should be affirmed because Appellant has failed to challenge each of the independent grounds on which the Trial Court's orders could have been based.

Appellant's Issue No. 2:

"Did the Trial Court erroneously deny Appellant's Motion for Judgment Notwithstanding the Verdict ("JNOV") asserting that the holdover penalty within the lease agreement was in full force and effect, because no written amendments or modifications were made to the lease agreement, which provided that it could only be amended or modified in writing and signed by both parties?

Appellees' Reply Issue No. 2:

The Trial Court did not err in denying Appellant's Motion for Judgment NOV on the Holdover Penalty issue.

(A)    The Jury answer of zero holdover penalty damages is supported by the evidence.

(B)    The parties agreed that the Tenant could stay on at the regular rental rate while looking for a buyer for its business and new tenant for the Landlord and the Tenant would not be required to pay holdover rent.

Appellees' Cross-Point No. 1

Appellees have filed a Cross-Appeal asserting that there is no evidence to support the jury's finding of reasonable repair costs which is the sole basis for the recovery obtained by Appellant. A finding of no evidence to support the award of damages would also preclude any award of attorney's fees, and costs to Appellant.

## STATEMENT OF FACTS

Pointe West Center, LLC (referred to as "Appellant," the "Landlord" or "Pointe West") has brought this Appeal complaining of the Trial Court's failure to award Appellant $50,920.00 in attorney's fees and $3,242.56 in costs and the

4

failure to award Appellant $7,500.00 in damages under the holdover penalty provision in the Lease. On appeal, Appellant bases its claims for attorney's fees and costs solely on the prevailing party provision in the Lease Agreement. (5 RR P. Ex. 1 §26.8). However, in Pointe West's First Amended Petition (which was its live pleading at the time of trial) Appellant sought attorney's fees only under Chapter 38 of the Texas Civil Practice and Remedies Code and not under the Lease provision. ([1]CR 6).

In Appellant's Brief, Appellant states that this "matter was tried before a jury and it was stipulated that attorney's fees would be addressed at the motion for entry of judgment." (Appellant's Brief, Statement of Case -- p.7) The case was tried to a jury. However, there is no stipulation that "attorney's fees would be addressed as the motion for entry of judgment" or that the issue of attorney's fees would be determined by affidavit. Later in its Appellant's Brief, Appellant states "As stipulated in open court, Pointe West presented its evidence at the hearing on the motion for entry of judgment. (CR 198, 231). The reference to the Clerk's Record at 198 and 231 is a reference to Appellant's Motion for Judgment NOV. Appellant has not cited the Court of Appeals to any portion of the Court Reporter's

---

[1] **ABBREVIATIONS USED IN BRIEF**

| | |
|---|---|
| RR | means Reporter's Record |
| CR | means Clerk's Record |
| P. Ex. | means Plaintiff's Exhibit |
| D. Ex. | means Defendants' Exhibit |
| [ ] RR | means volume number of the Reporter's Record |
| 1st Supp. CR | means First Supplement to Clerk's Record |

record or the Clerk's record in support of its argument that there was such a stipulation made in open court.

One day before the scheduled hearing for entry of judgment, Appellant filed its motion for entry of judgment which included an Affidavit from Spencer Dunn. (CR 231) When Appellant attempted to prove its attorney's fees by the submission of the Affidavit of Spencer Dunn, Appellee objected to that offer for several reasons. (CR 252). After the Final Judgment was signed, denying the request for attorney's fees and costs, Appellant filed a response with the Affidavit of Brian Tagtmeier, who was Appellant's prior counsel in the case. Appellee objected to that offer for several reasons as well. (CR 359)

The Trial Court refused to award attorney's fees in the Final Judgment (CR 295); denied Appellant's motion for judgment N.O.V. (CR 294); and denied Appellant's motion for reconsideration. (CR 371). The Trial Court did not state its reasons for denying Appellant's request for attorney's fees and costs. Appellant never requested an evidentiary hearing to present its attorney's fees evidence. Appellant never requested findings of fact and conclusions of law regarding the issue of attorney's fees. Appellant never requested that the Trial Court clarify the reason for the denial of attorney's fees. It is Appellant's burden to attack all of the grounds on which the Trial Court could have based its refusal to award attorney's

fees. Appellant has failed to do that and the Trial Court's denial of attorney's fees and costs should be upheld.

The Landlord also complains that the Trial Court should have granted its Motion for Judgment N.O.V. and awarded holdover penalty damages to the Landlord in the amount of $7,500.00.

The Landlord entered into a Shopping Center Lease with It's Alive, Inc. DBA Frank N Stein (the "Tenant") dated August 15, 2007. (5 RR P Ex. 1). The lease was for a five year term ending on August 15, 2012. The parties also entered into Addendum No. 2 on the same date. (5 RR D Ex. 2) The Addendum contained an option to extend the Lease for an additional five year term. The Lease was personally guaranteed by Shamil Qureshi ("Qureshi"). The Lease contains a provision 6.4 entitled "Holdover." The Holdover provision states:

> If Tenant shall remain in possession of the Leased Premises after the expiration or sooner termination of this Lease, then Tenant shall be a tenant at will, terminable at any time, and shall be liable for One and one half the Base Rent in effect at the expiration or sooner termination of this Lease, and shall be subject to all of the other obligations of Tenant under this Lease...

The Base Rent is defined in section 7.1 as the fixed minimum rent and for months 3-60 the Base Rent is set at $8,000.00 a month.

By letter dated May 23, 2012, the Tenant informed the Landlord that it did not intend to exercise its option to renew the Lease. The letter also stated that the Tenant was looking for a purchaser of the Tenant's bar equipment, fixtures, and

7

furniture, and noted that if the Tenant were successful in locating a buyer acceptable to the Landlord then the Landlord would have a new tenant. The Tenant also requested that if the Tenant went beyond the lease term the Tenant wanted to remain in the space on a month to month basis at the current rent until they located a buyer or were not able to sustain the bar any longer. (5 RR D Ex. 3). Nabeel Qureshi testified that the Landlord agreed to that proposal. (4 RR 80-81). The Tenant tendered the regular rent and the Landlord accepted the regular rent payment without objection for the last two weeks in August and the month of September, 2012. (4 RR 96). Shamil Qureshi testified that if the Landlord had responded to the May 23, 2012 letter by denying that request and saying the holdover penalty provision would be enforced, the Tenant would have moved out at the termination of the Lease. (3 RR 184-185). The Landlord received rental payments for one-half of the month of August and for all of September that it would not have otherwise received. The jury's answer of "zero" damages is supported by the evidence. Appellant has not challenged the jury's answer to Jury Question No. 5(b) that found "zero" damages to the claim for damages based on the holdover penalty provision. (CR 183, 190)

## SUMMARY OF THE ARGUMENT

Appellant seeks an award of attorney's fees and costs which the Trial Court refused to award. The day before a hearing scheduled for the entry of judgment,

8

Appellant filed a motion for judgment and attached an Affidavit from Spencer Dunn and exhibits making a request for $50,920.50 in attorney's fees and $3,242.56 in expenses. Appellant sought these fees and expenses on the basis of the prevailing party provision in the Lease. However, Appellant's only live pleading at the time of trial pled for attorney's fees only pursuant to Chapter 38 CPRC. Appellee objected to Appellant's request for attorney's fees and costs for several reasons including the submission of the attorney's fees evidence by affidavit; the Appellant's offer of an affidavit from Spencer Dunn when he had not been designated as an expert witness in Appellant's responses to Rule 194 requests for disclosure; on the basis that the Affidavit was conclusory and failed to provide a foundation for the opinions stated; and objections to the Appellant's exhibits which were offered as business records of the Law Office of Spencer Dunn but included time for work performed by Brian Tagtmeier, who was not associated with Spencer Dunn's firm. The Trial Court signed the Judgment and refused to award the attorney's fees and costs. The Appellant then offered the affidavit of Appellant's first attorney, Brian Tagtmeier, in support of the request for attorney's fees after the Judgment was signed. Appellee objected to the Tagtmeier Affidavit on the basis of the Appellant's failure to make the required expert disclosures in their Rule 194 responses; objected that the Tagtmeier Affidavit was conclusory and no foundation was established to support his opinions; objections to the Exhibits

9

offered; and the failure to provide any basis for the admission of this new evidence after the Judgment was signed. The Trial Court denied the request for attorney's fees and costs. Appellant did not request that the Trial Court make any findings of fact and conclusions of law. Appellant did not seek clarification as to the basis of the Court's order. In this Court the Appellant has not attacked each of the grounds on which the Trial Court's order could have been based and therefore the Judgment denying attorney's fees and costs should be upheld.

Regarding the claim for holdover rent, the evidence supported the jury's finding of no damages in connection with the holdover rent claim. The Tenant advised the Landlord months before the termination date that the Tenant would not renew the Lease and was attempting to sell its business to a buyer who could enter into a lease with the Landlord. The Tenant requested that it be permitted to stay in the premises and pay the regular rent while it was searching for a buyer. The Landlord agreed. The Landlord accepted the regular base rent and triple net expenses for the last two weeks of August and for the month of September 2012 without objection. The Tenant would not have remained in the premises after August 15, 2012, if the Landlord had rejected its request to stay on at the regular rental rate. The Landlord never made a demand for holdover rent. The Landlord agreed to accept the regular rent, received that rent, and as a result suffered no damages as a result of the Tenant not paying the holdover rent.

## ARGUMENT AND AUTHORITIES

Appellees' Reply Issue No. 1:

The Trial Court did not err in not awarding attorney's fees and costs to Appellant.

## APPELLANT WAIVED THE CONTRACTUAL ATTORNEY'S FEES PROVISION BY NOT PLEADING FOR CONTRACTUAL ATTORNEY'S FEES

(A)    On appeal, Appellant complains that attorney's fees and costs are mandatory under the prevailing party provision in the Lease. At trial, Appellant pled for attorney's fees under Chapter 38 CPRC only.

Appellant's sole point of error, with regard to the attorney's fees issue is whether the Trial Court abused its discretion in failing to award it attorney's fees under the prevailing party provisions in the Lease Agreement. Appellant puts the issue more succinctly in its summary of the argument. "The award of attorney's fees in this matter is controlled by the written contract entered into by the parties." Appellant goes on to argue attorney's fees are mandatory under the Lease. Appellant's live pleading at the time of trial was Plaintiff's First Amended Petition. (CR 6-12). At paragraph 19, Appellant asserted a claim for reasonable and necessary attorney's fees under Texas Civil Practice and Remedies Code chapter 38, "…because this is a suit for breach of contract." (CR 8).

A party waives its right to recover attorney's fees under a contractual provision by pleading for attorney's fees only under Chapter 38. *Peterson Group, Inc. v. PLTQ Lotus Group, L.P.,* 417 S.W.3d 46, 60 (Tex. App.—Houston [1st

11

Dist.] 2013, pet. denied) (a case cited by Appellant). <u>See, also</u>, *Stoner v. Thompson,* 578 S.W.2d 679, 682-84 (Tex. 1979). In *Peterson*, the Court of Appeals noted that the party seeking attorney's fees first raised the issue seeking recovery of attorney's fees under the contractual provision in a post-trial motion. There was no amended pleading in the record where the party pled it was entitled to attorney's fees under the contractual provision. A judgment must conform to the pleadings. <u>See</u>, *Intercontinental Group Partnership v. KB Home Lone Star, L.P.,* 295 S.W.3d 650, 653 (Tex. 2009). <u>See, also</u>, Rule 301 Texas R. Civ. P. Appellant has waived any right to recover attorney's fees and costs under the prevailing party provision in the Lease Agreement.

In order to preserve error, an appellant must make a valid, specific, and timely objection, request or motion. *Riyad Bank v. Al Gailani,* 61 S.W.3d 353, 356 (Tex. 2001). In the Trial Court, Appellant argued post-trial that it was entitled to attorney's fees under the prevailing party provision in the Lease. On appeal, Appellant has the burden of establishing that the Trial Court erred in denying that request. The denial of Appellant's request for attorney's fees under the contractual provision in the Lease where it pled for attorney's fees only under Chapter 38 CPRC, cannot be error.

In this case, Appellant attempted to offer its attorney's fees evidence after trial, in the form of affidavits. Appellee objected on several grounds. The Trial

Court denied Appellant's request for attorney's fees and costs. Appellant did not file a request for findings of fact and conclusions of law. It findings have not been made or requested, the appellate court must affirm the judgment of the trial court on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex. 1977).

Although it is not germane to the issues on appeal, Appellant argues that it prevailed on its causes of action for conversion and trespass to chattels. This argument is made in connection with its claim that it is the prevailing party under the attorney's fees and costs provision in the Lease. Appellant's argument that it prevailed on these causes of action is not accurate. Appellant did receive favorable jury answers to the liability issues: Question No. 3 (conversion) and to Question No. 4 (Trespass). (CR 188, 189). However, the jury refused to find that Appellant suffered any damages in connection with these two claims. (CR 190). In order to be considered the prevailing party, a party must also be awarded some relief in connection with the claim. A plaintiff must receive some relief on the merits of his claim before he can be said to prevail. *Farrar v. Hobby,* 506 U.S. 103, 113 (1992). See, also, *Burgmann Seals Am. Inc. v. Cadenhead,* 135 S.W.3d 854, 858 (Tex. App. – Houston [1st Dist.] 2004, pet. denied). Appellant was not the prevailing party on its conversion and trespass claims. As set forth in Appellees' Cross-Appeal, there was no evidence of reasonable repair costs. If the Court of Appeals sustains that

point, then Appellant also would not be entitled to recover attorney's fees because it would not have prevailed on any claim. *Farrar*. supra.

## APPELLANT'S RELIANCE ON ALLEGED STIPULATION THAT ATTORNEY'S FEES WOULD BE PRESENTED BY AFFIDAVIT IS MISPLACED. THERE IS NOTHING IN THE RECORD TO SUPPORT THE CLAIMED STIPULATION

(B)    The Trial Court did not err in not awarding attorney's fees and costs because there was no stipulation that the issue of attorney's fees and costs would be decided based on affidavits.

In its Brief, Appellant argues that there was a stipulation made in open court that Appellant could present its attorney's fees evidence by affidavit in a motion for entry of judgment. (CR 198, 231). The reference to the Clerk's Record at 198 and 231 is a reference to Appellant's Motion for Judgment N.O.V. There was no such stipulation made in open court. Appellant has not cited the Court of Appeals to any portion of the record (court reporter's or clerk's) that supports its argument that there was a stipulation that the attorney's fees would be tried by affidavit at some later date. There was no such stipulation.

In order to constitute a binding, open-court stipulation, the parties must dictate into the record all material terms. *Sitaram v. Aetna U.S. Healthcare of N. Tex., Inc.,* 152 S.W.3d 817, 823-24 (Tex. App.—Texarkana 2004) and *Herschbach v. City of Corpus Christi*, 883 S.W.2d 720, 734 (Tex. App.—Corpus Christi 1994, writ denied). In *Ronin v. Lerner,* 7 S.W.3d 883, 886 (Tex. App.—Houston [1st Dist.] 1999), the parties dictated the agreement into the record and the trial court

14

questioned each attorney as to whether that was his agreement. The Court of Appeals noted that the agreement in this case comports with the policy behind Rule 11 and that the transcript clearly reflected the terms of the parties' agreement. There is no stipulation in the record that the parties agreed that Appellant would be permitted to submit its evidence of attorney's fees in the form of an affidavit.

## THE SPENCER DUNN AFFIDAVIT AND EXHIBITS WERE OBJECTIONABLE AND PROPERLY EXCLUDED

(C)   The Trial Court did not err in not awarding attorney's fees and costs based on the Spencer Dunn Affidavit because of Appellant's failure to disclose Spencer Dunn as an expert witness in its Rule 194 responses and based on deficiencies in the Spencer Dunn Affidavit and exhibits.

After the jury's verdict was returned, the Trial Court set June 13, 2014 as the entry date. (5 RR 135-136). On June 11, 2014, Appellant filed its motion for entry of judgment and judgment notwithstanding verdict. (CR 198). Appellant refiled the motion the next day. (CR 231). There were missing exhibits from the first filing. In the June 12, 2014 filing, the Appellant attempted to offer the affidavit of Spencer Dunn on the attorney's fees issue (CR 236-237).

Appellee filed its response to the motion the same day, objecting that no evidence was submitted at trial to support the attorney's fees or expenses (CR 252). An amended response was filed the same day (CR 266). Appellee further objected that in response to request for disclosures, the Plaintiff had designated Brian Tagtmeier as its sole witness on attorney's fees. (CR 252). Appellee further

15

objected that Appellant had failed to comply with the requirements of Rule 194 regarding the disclosure of expert's opinions; that no billing rate had been disclosed; no estimate of hours; no documents or review of documents was disclosed; and none of the information required to provide a foundation for expert opinions. (CR 253). Appellee further objected to the "business record" submitted by Spencer Dunn which combined all of the work done by Brian Tagtmeier under the name of Spencer Dunn in one exhibit marked as "Appendix 2." (CR 240-243) Brian Tagtmeier was the Landlord's attorney until he withdrew in September 16, 2013) (CR 306) There was no basis established for Spencer Dunn testifying as to the hours worked and services performed by Tagtmeier or in rendering opinions on the work performed by Brian Tagtmeier. The Landlord's responses to the request for disclosure responses were attached to the Appellees' response (CR 259) and (CR 373- to the amended response).

The failure of Appellant to designate Spencer Dunn as an expert witness on attorney's fees and to provide the required disclosures would be grounds for the Trial Court to exclude his testimony. The failure to identify expert witnesses on the issue of attorney's fees at least thirty days prior to trial resulted in the Texas Supreme Court rendering judgment that the plaintiff was not entitled to recover attorney's fees. See, *E.F. Hutton & Co. v. Youngblood*, 741 S.W.2d 363, 364 (Tex. 1987).

*In re B.L.B.*, 2014 Tex. App. Lexis 5447 (Tex. App.—Corpus Christi 2014) the trial court had permitted the trial attorney to testify regarding attorney's fees and subsequently entered judgment awarding those attorney's fees despite the fact that the attorney had not been designated timely. On appeal the Court of Appeals reversed holding that under Rule 193.6 discovery that is not timely disclosed and witnesses that are not timely identified are not admissible as evidence [citing *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009).] In *Moore v. Memorial Hermann Hosp. Sys., Inc.,* 140 S.W.3d 870, 875 (Tex. App.—Houston [1st Dist.] 2004, no pet.) expert testimony was excluded based on the failure to disclose the information required by Rule 194.2(f). Similarly, where a plaintiff identified its expert witness but did not provide the mental impressions and opinions, the trial court should have excluded the expert's opinion. *VingCard A.S. v. Merrimac Hospitality Sys.*, 59 S.W.3d 847, 855-56 (Tex. App.—Fort Worth 2001, pet. denied). On June 18, 2014, the Trial Court denied Plaintiff's motion for judgment notwithstanding the verdict (CR 294). On June 18, 2014 the Trial Court signed the Final Judgment in favor of Plaintiff for $15,000 in actual damages and denied all other relief (CR 295).

The Trial Court's exclusion of an expert who has not been properly designated can be overturned only upon a finding of abuse of discretion. See, *Gillenwater ,* supra. See, also *Mentis v. Barnard*, 870 S.W.2d 14, 16 (Tex. 1994)

17

and *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986). Appellant has not shown that the Trial Court abused its discretion in not awarding attorney's fees and costs based on the Spencer Dunn Affidavit.

## THE TAGTMEIER AFFIDAVIT AND EXHIBITS WERE OBJECTIONABLE AND PROPERLY EXCLUDED

(D)     The Trial Court did not err in not awarding attorney's fees and costs based on the Brian Tagtmeier Affidavit because of Appellant's failure to make the required disclosures in its Rule 194 responses; the deficiencies in the Tagtmeier Affidavit and exhibits; and based on the late and unsupported offer of the Tagtmeier evidence after the Final Judgment had been signed.

On June 24, 2014, Appellant filed its reply to Defendant's Response (CR 298). Appellant attached the Affidavit of Brian Tagtmeier to its reply. (CR 306). The Tagtmeier Affidavit is dated **June 6, 2014**. The Tagtmeier Affidavit refers to a billing statement which is attached as Appendix 2. (CR 314). Appendix 2 appears to be time entries under the name Spencer Dunn which is nearly identical to the Appendix 2 submitted with the Spencer Dunn Affidavit. The Tagtmeier Affidavit Appendix 2 includes entries for work performed under the heading Spencer Dunn with no attempt to distinguish work performed by Tagtmeier and work performed by Spencer Dunn after he was substituted in for Tagtmeier on September 16, 2013. (CR 2013). The June 6, 2014 Tagtmeier Affidavit purports to authenticate time entries for work performed by Spencer Dunn on June 10, 2014 and June 13, 2014. (CR 315-316). There is no foundation provided for Tagtmeier's opinions about the

18

work performed by Spencer Dunn or Johnathan Yazdani and the statements made by Tagtmeier that their experience justifies their rates, the client is obligated to pay the fees and costs listed on Appendix 2, and the reasonable value of the attorney's fees are $50,920.50 are all conclusory.

Texas law requires that expert testimony should include the expert's qualifications, the opinion, the facts on which the opinion is based, and the reasoning on which the opinion is based. See, *United Blood Services v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997). Expert testimony that states mere legal conclusions without substantiation is not proper evidence. *Burrow v. Arce*, 997 S.W.2d 229, 235 (Tex. 1999).

Appellees filed its response to Appellant's motion for reconsideration, again objecting to Appellant's attempt to recover over $50,000 in attorney's fees after trial. Appellee again objected to the offer to prove attorney's fees by affidavit (this time from Tagtmeier). (CR 359). Appellee reiterated its objections that the Trial Court should exclude the evidence based on the failure of Appellant to adequately respond to the request for disclosures and on the basis that Appellant was offering the Tagtmeier Affidavit dated June 6, 2014 to the Court on June 24, 2014 after the Final Judgment had been signed. Appellant failed to show any basis for the submission of new evidence. Appellee also objected that Appellant failed to schedule a hearing to present testimony on the issue of the attorney's fees and failed

to present evidence to show segregation of fees between claims that would support an award of attorney's fees and claims that would not. (CR 359).

Since the bulk of the work done in this lawsuit for the Appellant was performed by Spencer Dunn, no basis was established for Tagtmeier to provide expert testimony on the attorney's fees for Spencer Dunn's work in this case. As noted above, there is no statement in the Appellant's responses to disclosures that Tagtmeier had reviewed any documents. These responses were never supplemented. There is no basis shown for Tagtmeier to express any opinion as to the reasonableness and necessity of the work performed largely by Spencer Dunn. Under Texas law, expert testimony must be based on sufficient underlying facts or data. *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 714 (Tex. 1997) and TRE 703.

The party offering the undisclosed evidence has the burden to establish good cause or lack of surprise, which must be supported by the record. Tex. R. Civ. P. 193.6(b); see also *Williams v. County of Dallas*, 194 S.W.3d 29, 32 (Tex. App.-Dallas 2006, pet. denied); *Norfolk S. Ry. Co. v. Bailey*, 92 S.W.3d 577, 581 (Tex. App.-Austin 2002, no pet.). Rule 193.6(a) is mandatory, and the penalty--exclusion of evidence--is automatic, absent a showing of (i) good cause, (ii) lack of unfair surprise or (iii) lack of unfair prejudice. *Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 860 (Tex. App.-Dallas 2006, no pet.) The good cause exception

permits a trial court to excuse a failure to comply with discovery in difficult or impossible circumstances. *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex. 1992) (explaining that counsel should not be excused from the requirements of the rule without a strict showing of good cause). However, the following factors, standing alone, do not constitute good cause: inadvertence of counsel, lack of surprise, or uniqueness of the excluded evidence. Id.; see *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 671 (Tex. 1990). Appellant has not shown that the Trial Court abused its discretion in not awarding attorney's fees and costs based on Tagtmeier's Affidavit.

## THE FAILURE TO CHALLENGE ALL POTENTIAL GROUNDS FOR THE TRIAL COURT'S DENIAL OF FEES AND COSTS REQUIRES AFFIRMANCE OF THE DENIAL OF SUCH FEES AND COSTS

(E)     The denial of attorney's fees and costs should be affirmed because Appellant has failed to challenge each of the independent grounds on which the Trial Court's orders could have been based.

As set forth above, Appellees made a number of objections to Appellant's attempted offer of proof on the attorney's fees and costs. Appellees further objected to the Appellant's evidence on attorney's fees for the reason that Appellant has failed to segregate those attorney's fees between claims for which attorney's fees are recoverable and claims for which attorney's fees are not recoverable. In this case, the Appellant pled tort claims for conversion and for trespass to chattels. Neither of these claims would support a claim for attorney's fees. If a plaintiff

21

pursued any claims for which attorney's fees are not recoverable, the attorney must offer evidence that the fees for those claims were segregated and were not included in the calculation method. See, *A.G. Edwards & Sons, Inc. v. Beyer*, 235 S.W.3d 704, 710 (Tex. 2007) and *Tony Gullo Motors 1, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006).

The Trial Court denied the Appellant's motion for reconsideration on August 29, 2014. (CR 371). The Trial Court's exclusion of an expert who has not been properly designated can be overturned only upon a finding of abuse of discretion. See, *Gillenwater,* supra. See, also *Mentis v. Barnard*, 870 S.W.2d 14, 16 (Tex. 1994) and *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986). In controverting the attorney's fees evidence offered by Appellant, Appellees raised several grounds for excluding the evidence. The Trial Court did not explain the reason for refusing to award attorney's fees. An appellant has the burden of attacking all independent grounds that fully support an adverse ruling. *Fox v. Maguire*, 224 S.W.3d 304, 306 (Tex. App.—El Paso 2005, pet. denied) and *Britton v. Texas Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) If the appellant fails to do so, the Court of Appeals must affirm. *Britton*, id, at 681.

The Trial Court could have based its denial of Appellant's attorney's fees for any number of reasons. The Trial Court may not have been willing to decide the

attorney's fees issue based on affidavits. The Trial Court may have noted that Appellant was attempting to seek attorney's fees under the Lease provision on prevailing parties and noted that Appellant's live pleading requested attorney's fees under Chapter 38, CPRC. The Trial Court may have based its decision on Appellant's failure to adequately respond to Appellees' request for disclosures with its expert witness opinion disclosures. The Trial Court could well have determined that Appellant's proof of attorney's fees was deficient, that the affidavits were conclusory and without any foundation being established. Appellant has not challenged all of these grounds and therefore the denial of attorney's fees and costs should be affirmed.

## ARGUMENT AND AUTHORITIES

### The Holdover Rent Damages Issue

Appellant's Issue No. 2:

> "Did the Trial Court erroneously deny Appellant's Motion for Judgment Notwithstanding the Verdict ("JNOV") asserting that the holdover penalty within the lease agreement was in full force and effect, because no written amendments or modifications were made to the lease agreement, which provided that it could only be amended or modified in writing and signed by both parties?

Appellees' Reply Issue No. 2:

The Trial Court did not err in denying Appellant's Motion for Judgment N.O.V. on the Holdover Penalty issue.

(A)   The Jury answer of zero holdover penalty damages is supported by the evidence.

(B)   The parties agreed that the Tenant could stay on at the regular rental rate while looking for a buyer for its business and new tenant for the Landlord and the Tenant would not be required to pay holdover rent.

The Landlord entered into the Lease with Tenant dated August 15, 2007 for a five year term ending August 15, 2012.  (5 RR P Ex. 1).  The Lease contains a provision 6.4 entitled "Holdover."  The Holdover provision states:

> If Tenant shall remain in possession of the Leased Premises after the expiration or sooner termination of this Lease, then Tenant shall be a tenant at will, terminable at any time, and shall be liable for One and one half the Base Rent in effect at the expiration or sooner termination of this Lease, and shall be subject to all of the other obligations of Tenant under this Lease...

By letter dated May 23, 2012, the Tenant informed the Landlord that it did not intend to exercise its option to renew the Lease. The letter also stated that the Tenant was looking for a purchaser of the Tenant's business which could become a tenant for the Landlord.  In the letter, the Tenant also requested that if the Tenant went beyond the lease term the Tenant wanted to remain in the space on a month to month basis at the current rent until they located a buyer or were not able to sustain the bar any longer. (5 RR D Ex. 3). Nabeel Qureshi testified that the Landlord agreed to that proposal.  (4 RR 80-81).   Shamil Qureshi also testified that the Landlord agreed that the Tenant could remain in the space during September and pay the current rent.  (3 RR 190).  The regular rent was $10,000 a month (which included the triple net expenses).  (4 RR 96). During September 2012, the Tenant

24

introduced the Landlord to prospective tenants who were interested in buying the Tenant's business and equipment and fixtures (2 RR 27-28 and 3 RR 187-188). The Tenant remained in the space for the last two weeks of August and for the month of September. (3 RR 190). The Tenant tendered the regular rent and the Landlord accepted the regular rent payment without objection. (4 RR 96). Shamil Qureshi testified that if the Landlord had responded to the May 23, 2012 letter requesting that the Tenant be permitted to stay in the Lease space at the regular rental rate by denying that request and saying the holdover provision would be enforced, then the Tenant would have moved out at the termination of the Lease. (3 RR 184-185). The Landlord's representative, Fred Behzadi, testified that he did not recall telling the Tenant that the Landlord would not permit the Tenant to remain in the space after the Lease term had expired at the regular rental rate. (3 RR 73). Mr. Behzadi also confirmed that the Tenant paid the regular rent for August and September which was accepted by the Landlord. (3 RR 77). Behzadi admitted that when the Landlord sent the demand letter after the Tenant vacated the space that no mention of a demand for holdover rent was made. (3 RR 77).

When the Landlord filed its Original Petition on November 8, 2012, the Landlord made no claim for the holdover rent. (Appellant's Brief, Appendix 6). It was not until the filing of the Plaintiff's First Amended Petition on May 2, 2014,

that the Landlord added the holdover rent claim. (CR 6). The trial commenced on May 13, 2014. (2 RR 6).

The jury heard the evidence regarding the Holdover Penalty Provision in the Lease Agreement. The jury also heard the evidence set forth above regarding the correspondence sent by the Tenant prior to the end of the Lease term asking if the Tenant would be allowed to stay in the premises after the termination date in the Lease to attempt to locate a buyer for its business who could be a new tenant for the Landlord. (5 RR D Ex. 3) The jury heard the undisputed evidence that the Tenant referred potential tenants to the Landlord in September 2012. (2 RR 27-28 and 3 RR 187-188). The jury heard the testimony about the conversations about the rent after the Lease term had ended and the payment and acceptance of the regular rent. (4 RR 80-81) and (3 RR 190). The jury also heard the evidence that the Tenant would have moved out at the end of the regular term if the Landlord had stated it would not agree to continue to accept the regular rental rate. (3 RR 184-185).

When a tenant holds over after the expiration of the lease for some purpose with the permission of the landlord, the tenant will be liable only for the period occupied and will not be held liable as a hold-over. See, *Street-Whittington Co. v. Sayres*, 172 S.W. 772,776 (Tex. Civ. App.—Amarillo 1915, no writ). If a tenant remains in possession and continues to pay rent and the landlord with knowledge of the tenant's possession continues to accept the rent without objection, the tenant is a

26

tenant at will and the terms of the prior lease will continue to govern the new arrangement absent an agreement to the contrary. See, *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 915 (Tex. 2013). In *R.J. Suarez Enters. v. PNYX, L.P.*, 380 S.W.3d 238, 247 (Tex. App.—Dallas 2012) the landlord complained about the trial court's failure to award rent at the holdover rate when a tenant remained on the premises after the lease term. In this case, the landlord admitted that it had agreed to allow the tenant to hold-over, however the landlord denied that it had agreed to waive the holdover penalty. Based on the tenant's testimony that the issue of hold-over had been discussed and that there was no mention of any triple net charges owed or overdue, the Court of Appeals affirmed the trial court's judgment which denied the landlord the holdover penalty.

This case presents an even stronger case for the Tenant. Here the Tenant agreed to stay on and to refer prospective tenants to the Landlord. The Landlord met with those prospective tenants. The Tenant's request to stay on at the regular rent while it was seeking a buyer for its business and a new tenant for the Landlord was put in writing. The Landlord never denied the discussion. The Landlord received the benefit of referrals of prospective tenants. The Landlord received the benefit of receiving six weeks of rent and triple net expenses that it would not have otherwise received. The jury's answer of "zero" damages is supported by the evidence. (CR 190). Appellant did not object to the Submission of this jury

question, unless the error was preserved by proper objection before the charge is submitted to the jury, the appellate court should affirm if there is some evidence to support the verdict. *Dayton Hudson Corp. v. Altus,* 715 S.W.2d 670, 674 (Tex. App— Houston [1st Dist.] 1986, writ ref'd n.r.e.) In order to sustain Appellant's motion for judgment N.O.V. issue on the jury's refusal to find holdover penalty damages, it must be determined "that there is no evidence upon which the jury could have made the finding relied upon and all testimony must be considered in the light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in that party's favor." See, *Dowling v. NADW Mktg*., 631 S.W.2d 726, 728 (Tex. 1982). There is ample evidence to support the jury's finding of no damages.

## ARGUMENT AND AUTHORITIES

Appellees' Cross-Point No. 1

> Appellees have filed a Cross-Appeal asserting that there is no evidence to support the jury's finding of reasonable repair costs which is the sole basis for the recovery obtained by Appellant. A finding of no evidence to support the award of damages would also preclude any award of attorney's fees to Appellant.

Appellees filed a Cross-Appeal. (1st Supp. CR 11). In their Cross-Appeal, Cross-Appellants will argue that the there was no evidence to support the award of damages to Appellant for the reasonable and necessary costs of repair. If the Court of Appeals sustains that point, then Appellant would have failed to prevail on any of

28

its claims which would be further grounds for denying Appellant the attorney's fees it seeks in this appeal.

## PRAYER

Based on the foregoing, It's Alive, Inc. and Shamil Qureshi, Appellees respectfully request that the Court of Appeals deny all relief sought by Appellant in its appeal, and with regard to Appellees' Cross-Appeal reverse the Judgment awarding Pointe West, LLC actual damages in the amount of $15,000.00, and render Judgment in favor of Cross-Appellants that Pointe West, LLC take nothing.

Respectfully submitted,

DUNN, NEAL & GERGER, L.L.P.

By: ____/s/ James A. Dunn _____
        James A. Dunn
        Texas Bar No. 06244800
        3006 Brazos Street
        Houston, Texas 77006
        Tel.: (713) 403-7405
        Fax: (713) 960- 0204
        Email: jdunn@dnglegal.com
        Attorney for Appellees

## CERTIFICATE OF COMPLIANCE

This Brief of Appellees' complies with the typeface and length requirements of Texas Rule of Appellate Procedure 9.4 because:

(1)     This brief complies with typeface and the type style requirements of Rule 9.4(e) because the brief has been prepared in a conventional typeface using Word with Times New Roman 14-point font.

(2)     This brief complies with the length requirements of Rule 9.4(i)(2)(B) because it contains 8,473 words, excluding the parts of the brief exempted by Rule 9.4(i)(1)

/s/__James A. Dunn_____
James A. Dunn
Attorney for Appellees

## CERTIFICATE OF SERVICE

I certify that on March 23, 2015, a true and correct copy of the foregoing instrument was served on Appellant's counsel, Spencer E. Dunn, 4669 Southwest Freeway, Suite 760, Houston, Texas 77027, by electronic service through the e-filing case manager in accordance with the Texas Rules of Civil Procedure.

_____/s/ James A. Dunn____
James A. Dunn